IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:26-CV-0770-D |
| | § | |
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Plaintiff's complaint, filed March 10, 2026, appears to predicate subject matter jurisdiction upon diversity of citizenship, 28 U.S.C. § 1332, but fails to allege properly the citizenship of defendant Epic Systems Corporation ("Epic") for the following reason:

☐ Failure to allege individual's citizenship as opposed to state of residency. *See Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399 (1925) (allegations of residency, rather than of citizenship, are inadequate to invoke court's jurisdiction).

☐ Failure to allege corporation's state of incorporation. *See Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983) (holding that "a complaint properly asserting diversity jurisdiction must state both the state of incorporation *and* the principal place of business of each corporate party.").

☒ Failure to allege corporation's principal place of business. *Id.* **Plaintiff alleges that Epic is "headquartered in Verona, Wisconson," but fails to allege its principal place of business.  Compl. at 2.**

☐ Failure to allege citizenship of all members of limited liability company. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); s*ee also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[T]o establish diversity jurisdiction, a party must specifically allege the citizenship of every member of every LLC." (quotation marks and citation omitted)).

☐ Failure to allege citizenship of all members of a professional limited liability company.  *See Hawk v. Bank of Am., N.A.*, 2015 WL 11347683, at *2 (N.D. Ga. Apr. 15, 2015) ("A PLLC (professional limited liability company), like an LLC (limited liability company), holds the citizenship of its members."); *Stamper v. Wilson & Assocs., P.L.L.C.*, 2010 WL 1408585, at *10 (E.D. Tenn. Mar. 31, 2010) ("The Court agrees that PLLC[s] which are similar in structure to LLC[s] should be treated like partnerships for determining diversity jurisdiction.  In other words, a PLLC's citizenship is that of its individual members.").

☐ Failure to allege citizenship of all limited partners of a limited partnership.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

☐ Failure to properly plead the citizenship of a trust: if the trust's citizenship is governed by *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980), to identify and plead the citizenship of each trustee who is a real party in interest; if the trust's citizenship is governed by *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016), to identify and plead the citizenship of each member of the trust; and if the trust's citizenship is determined on another basis under the controlling law, to properly plead the trust's citizenship on that basis.

☐ Failure to plead the state in which a national bank's main office is located.  *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

☐ Failure to plead the citizenship of each of an unincorporated insurance association's underwriters.  *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993).

☐ Failure to distinctly and affirmatively allege the citizenship of each party.  *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not citizen of particular states did not establish citizenship for diversity purposes).

☐ Failure to allege that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

Until plaintiff properly alleges Epic's citizenship, this court is not shown to have subject matter jurisdiction.  *See Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (per curiam).  Accordingly, no later than 14 days from the date of this order, plaintiff must file an amended complaint that alleges diversity of citizenship, in conformity with 28 U.S.C. §

1332; otherwise, this action will be dismissed without prejudice for want of subject matter jurisdiction.

      **SO ORDERED**.

      March 24, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE
