**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GALLIT FISCHMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 3:26-CV-0770-D** |
| | § | |
| **EPIC SYSTEMS CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

---

**PLAINTIFF'S REQUEST FOR DETERMINATION OF REFERRED RULE 26(A)(1)
DISCLOSURE DISPUTE**

---

Plaintiff respectfully requests a ruling on the Rule 26(a)(1) disclosure dispute referred to this

Court in ECF No. 19, and in support states as follows:

1. The parties conducted their Rule 26(f) conference on May 4, 2026, after which initial

   disclosures became due absent agreement of the parties or order of the Court providing

   otherwise.

2. On May 15, 2026, Defendant filed a Notice of Objection to Initial Disclosure (ECF No.

   18), requesting that initial disclosures be stayed pending resolution of its motion to

   dismiss, or alternatively exchanged within thirty days following any order denying the

   motion in whole or in part.

3. On May 15, 2026, the Court entered an Order of Reference (ECF No. 19), referring

   Defendant's objection to United States Magistrate Judge Rebecca Rutherford for

determination of the objection, what disclosures, if any, are to be made, and a time for disclosure.

4. On June 8, 2026, the Court granted in part and denied in part Defendant's motion to dismiss and granted Plaintiff leave to replead (ECF No. 23). The condition identified by Defendant as the basis for deferring disclosures has therefore been satisfied.

5. On June 15, 2026, Plaintiff filed a Status Report Regarding Initial Disclosures (ECF No. 26) advising the Court that circumstances underlying the disclosure dispute had materially changed following resolution of the motion to dismiss.

6. The referred dispute is fully ripe for determination. The relevant facts are established by the docket, the condition identified by Defendant as the basis for deferral has occurred, and resolution requires no consideration of future discovery requests, depositions, or merits-based issues.

7. Plaintiff conferred with Defendant and requested confirmation that Defendant would comply with the alternative deadline it had proposed in ECF No. 18. Defendant indicated that it is awaiting the Court's ruling before providing disclosures.

8. Discovery is now underway, and the absence of initial disclosures is affecting its efficient progression.

9. This request does not present a new dispute for the Court's consideration; it seeks a ruling on a matter already referred and ripe for determination on the existing record. The Order of Reference expressly authorizes Judge Rutherford to conduct a hearing if she determines one is necessary, and Plaintiff stands ready to participate if the Court finds it would assist in resolving the referred dispute. Defendant's own alternative proposal

identified July 8, 2026 as the disclosure deadline, fifteen days from the date of this filing, and a ruling is needed now to preserve that deadline and allow discovery to proceed.

10. Plaintiff respectfully requests that the Court issue a ruling on the referred dispute pursuant to ECF No. 19, overrule Defendant's objection, determine that Rule 26(a)(1) disclosures are required, and order Defendant to serve its initial disclosures on or before July 8, 2026, or within such other time as the Court deems appropriate.

Respectfully submitted,

Date:  June 23, 2026

/s/ _Gallit Fischman_____

**GALLIT FISCHMAN, Pro Se**

10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2026, a true and correct copy of this Request for Determination of Referred Rule 26(a)(1) Disclosure Dispute was served on all counsel of record through the Court's CM/ECF system and by electronic mail pursuant to the parties' agreement regarding electronic service.

/s/ _Gallit Fischman_____

**GALLIT FISCHMAN, Pro Se**