# LYNN PINKER HURST SCHWEGMANN

CHRIS SCHWEGMANN
*Partner*

D 214 981 3835
F 214 981 3839
cjs@lynnllp.com

Lynn Pinker Hurst & Schwegmann, LLP
2100 Ross Avenue
Suite 2700
Dallas, Texas 75201
**lynnllp.com**

July 8, 2026

*Via ECF*

The Honorable Rebecca Rutherford
Northern District of Texas, Dallas Division
Earle Cabell Federal Building
1100 Commerce Street
Dallas, Texas 75242

Re:    No. 3:26-CV-0770-D; *Fischman v. Epic Systems Corporation*

**NOTICE OF DEFENDANT'S PARTIAL WITHDRAWAL OF OBJECTION TO INITIAL DISCLOSURES**

Dear Judge Rutherford:

Defendant Epic Systems Corporation ("Epic") respectfully writes regarding its objection to the exchange of initial disclosures under Federal Rule of Civil Procedure 26(a)(1), which Epic noticed on May 15, 2026 (ECF No. 18) pursuant to Section III of the Court's April 17, 2026 Order (ECF No. 14), and which the District Court referred to Your Honor for determination (ECF No. 19).

In its prior notice, Epic requested that the deadline for exchanging initial disclosures be stayed pending resolution of Epic's Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13) or, in the alternative, that initial disclosures be exchanged within thirty days following entry of any order denying that motion in whole or in part. On June 8, 2026, the Court granted in part and denied in part Epic's Motion to Dismiss and granted Plaintiff leave to replead (ECF No. 23). Plaintiff filed her Second Amended Complaint on June 11, 2026 (ECF No. 25), and, by order dated June 24, 2026 (ECF No. 30), the Court extended Epic's deadline to answer or otherwise respond to the Second Amended Complaint to July 9, 2026.

Consistent with the alternative relief proposed in its prior notice, Epic served its Rule 26(a)(1) initial disclosures on July 8, 2026. Epic therefore withdraws, in part, its objection stated in ECF No. 18 as to exchange of written disclosures under Rule 26(a)(1).

1

Epic maintains its objection, however, to proceeding with any document production—including the production of copies of documents in connection with its disclosures under Rule 26(a)(1)(A)(ii)—until after the entry of a protective order. The parties have agreed to meet and confer concerning the language of a protective order. As Rule 26(a)(1)(A)(ii) expressly permits, Epic's initial disclosures provide a description by category of the documents Epic may use to support its claims or defenses, rather than copies of those documents.

Epic submits this letter to update the Court on the status of the referred dispute and to narrow the issues presented; it does not, by this letter, reargue or supplement the positions set forth in its prior filings, and Epic reserves all rights, objections, and defenses.

Respectfully submitted,

*/s/ Christopher J. Schwegmann*

Christopher J. Schwegmann
Texas State Bar No. 24051315
cschwegmann@lynnllp.com

**ATTORNEY FOR DEFENDANT**
**EPIC SYSTEMS CORPORATION**

cc:     Gallit Fischman, Pro Se Plaintiff (*via CM/ECF*)

2