IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:26-CV-0770-D |
| EPIC SYSTEMS CORPORATION, *Defendant*. | § § § § | |

## NON-PARTY THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S MOTION TO QUASH AND FOR PROTECTIVE ORDER

### I.   INTRODUCTION

Non-party, the University of Texas Southwestern Medical Center (UT Southwestern), by and through the Office of the Attorney General of Texas, pursuant to the Federal Rule of Civil Procedure 45(d)(3), moves this Court to quash the non-party *subpoena duces tecum* (Subpoena) served on UT Southwestern by Plaintiff on June 25, 2026, attached as Exhibit A. In the alternative, UT Southwestern moves this Court for a protective order regarding the Subpoena.

In the underlying litigation, Plaintiff alleges Defendant, Epic Systems Corporation (Epic), "designs and licenses an EHR [electronic health record] platform used for medication ordering, reconciliation, clinical documentation, patient communication, and reporting." Plaintiff's Second Amended Civil Complaint (Document 25) at 3. Plaintiff further alleges that her causes of action against Defendant arise "from a defective product placed into the stream of commerce, the design of which created an unreasonably

dangerous condition." *Id*. at 1. The defective product Plaintiff is referring to is Epic's EHR platform, MyChart. *See Id*. at 1-5. Plaintiff states that Epic's EHR platform "incorporates patient interaction as part of its operation, making patient-level impact a central function" (*Id*. at 4); and that Epic "maintains a direct relationship with patients though its MyChart platform, through which it communicates clinical information, presents medication records, and promotes the system's accuracy and utility. Epic is not merely a vendor to hospitals; it directly interfaces with patients and derives commercial benefit from their use." *Id*. at 5-6.  Plaintiff concludes that "[r]esolution of these claims concerns software architecture, safety engineering, and information system design, which are independent of physician judgment." *Id*. at 2. Plaintiff contends UT Southwestern used Epic's MyChart platform and subpoenaed 57 categories of information regarding Epic's MyChart platform and other information related to Epic. Forty-five of the subpoenaed categories of information contain no limitation regarding time period.

This Court should quash the Subpoena because the Subpoena: is barred by sovereign immunity; overbroad and unduly burdensome (the burden and expense of response outweighs the likely benefit to Plaintiff); and seeks information in the custody of Defendant. This Motion is timely filed as it is filed before the time for compliance with the Subpoena.

## II.    SUMMARY OF THE ARGUMENT

Sovereign immunity protects the State of Texas and its agencies from third-party subpoenas. *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022) (reversing district court order compelling state officials' compliance with non-party subpoenas because "compelled

compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake" (citation and internal quotation marks omitted)). "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies totally." *Id.* at 514 *(*citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). In *Russell*, the Fifth Circuit stated that by "compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the 'coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F.4th at 515 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)). The Subpoena subjects UT Southwestern to judicial process at the instance of Plaintiff, which is barred by sovereign immunity; accordingly, the Court should quash the Subpoena in its entirety.

Even setting sovereign immunity aside, Rule 45(d)(1) requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Subpoena does not comply with that requirement. Requiring UT Southwestern to respond within the time for compliance is an undue burden on UT Southwestern and would come at a substantial cost to UT Southwestern and the taxpayers of Texas by way of human resources and labor, reduced productivity, and possible complete operational stoppage. To force UT Southwestern to gather, review, redact, and produce potentially tens of thousands of documents by the compliance date constitutes an undue burden. Such burdens weigh strongly against enforcement of the Subpoena, particularly given UT Southwestern's status as a non-party governmental entity.

The Subpoena was served without regard to the usefulness of the requested information to the litigation, the availability of the information from other sources readily available to Plaintiff, including the Defendant, and the burdens Plaintiff is imposing on Texas taxpayers and UT Southwestern, requiring UT Southwestern to meet Plaintiff's deadline. That result is inconsistent with Rule 45. Fed. R. Civ. P. 45(d)(3)(A)(iv) (a court "*must* quash or modify a subpoena that . . . subjects a person to undue burden" (emphasis added)). Despite Plaintiff being in the best position to obtain the data specified in the Subpoena from Defendant, Plaintiff has attempted to engage UT Southwestern to do the legwork in the prosecution of its case. Rather than obtaining information from Defendant, Plaintiff attempts to shift the burden of gathering and producing that information to UT Southwestern and the State's taxpayers. In addition, UT Southwestern asks the Court to quash the Subpoena because the Subpoena is overbroad.

In the alternative, UT Southwestern asks the Court to enter a protective order from the Subpoena in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

## III.    MOTION TO QUASH

### A. The Subpoena is Barred by Sovereign Immunity

UT Southwestern, a state agency (Texas Education Code Annotated chapter 74, subchapter C), retains sovereign immunity from the Subpoena because the Subpoena does not fall within an express waiver of sovereign immunity under state law. A statute is not to be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. Tex. Gov't Code § 311.034; *cf. Russell*, 49 F.4th at 514–15 (holding, on Eleventh Amendment grounds, that sovereign immunity bars subpoenas

issued to the state as a third party because a subpoena is a "coercive judicial process" that implicates "the sovereign's dignity and authority over its prerogatives."). "[A] governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation." *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App—Houston [14th Dist.] 2002, pet. denied).

In *Russell v. Jones*, the Fifth Circuit recognized subpoenas are "issue[d] under the court's authority and are enforced by court order. By compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties." *Russell*, 49 F.4th at 515 (citation and internal quotation marks omitted). "[W]here a sovereign is otherwise entitled to immunity, that immunity extends to third-party subpoenas." *Id*. at 517. Therefore, "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake." *Id*. at 515 (citation and internal quotation marks omitted).

These rules are equally applicable to the Subpoena issued in the underlying litigation. "[T]he Federal Rules are designed to ensure that district courts remain firmly in control of those depositions and document productions involving nonparties located in their districts." *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Accordingly, the Fifth Circuit's holding in *Russell* applies to shield UT Southwestern from the Subpoena.

There has been no waiver or abrogation of UT Southwestern's sovereign immunity, and in light of the protections immunity offers, this Court lacks subject matter jurisdiction

to issue the Subpoena. Accordingly, this Court should quash the Subpoena in its entirety. *TexasLDPC, Inc. v. Broadcom, Inc.*, No. MC 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021))); *Thompson v. Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2 (N.D. Tex. Nov. 17, 2023) (quashing third-party subpoena served upon the Texas Department of Public Safety because "compelling DPS compliance with the third-party subpoenas violates sovereign immunity").

### B. The Subpoena is Overbroad and Unduly Burdensome

Even if the Court does not recognize that sovereign immunity bars the Subpoena, the Court nonetheless should quash the Subpoena as overbroad and unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . subjects a person to undue burden." (emphasis added)).

#### 1. The Applicable Standards Require That the Subpoena Be Quashed

In considering a motion to quash, courts balance the needs of the requesting party against the burdens imposed on the person responding to the subpoena, and "the status of that person as a non-party is a factor." *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *accord Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir. 2018) (reversing district court's denial of non-party's motion to quash where non-party had already produced documents, in part because additional information would be of limited

use to party that issued subpoena). "[C]ourts must give the recipient's non-party status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation and internal quotation marks omitted).

Where the balance tips in favor of the person responding to a subpoena, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Dennis v. U.S.*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017) (citing *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011)).

While the party seeking to quash a subpoena bears the initial burden, the party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought, in response to [a non-party's] *prima facie* showing that discovery [would be] burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993). The party seeking discovery also has the burden of demonstrating its relevance. *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (S.D. Ohio 1999).

Here, UT Southwestern makes a prima facie showing of undue burden, shifting the burden to Plaintiff to justify the scope of the Subpoena. As shown below, Plaintiff cannot meet that burden, and the Subpoena should be quashed.

### 2. The Subpoena is Overbroad and Unduly Burdensome

As an initial matter, the Subpoena is overbroad on its face. "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (footnote omitted).  A subpoena is facially overbroad when it effectively requests all information in the non-party's possession concerning the underlying litigation. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) ("Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he period covered by the requests is unlimited." (citation omitted)).

The Subpoena seeks an unreasonably large amount of the information in UT Southwestern's possession concerning its use of Epic's MyChart platform, including other information related to Epic—the focus of the underlying litigation. As mentioned above, 45 of the 57 categories of information sought in Plaintiff's Subpoena contain no limitation regarding time period. The Subpoena, therefore, is facially overbroad. The Court should quash the Subpoena for this reason alone.

In addition, the burdens on UT Southwestern to comply with the Subpoena would be extreme and require the following efforts within the time for compliance:

- Locate, review, and produce nearly every document and piece of data in UT Southwestern's possession concerning its use of Epic's MyChart platform and documents related thereto;

- Locate, review, and produce responsive documents without a time limitation for 45 of the 57 categories of information sought in the Subpoena;

- Divert high-demand information technology resources away from UT Southwestern purposes;

- Sort through voluminous non-responsive, privileged, and confidential material;

- Devote valuable employee time and resources to gathering, reviewing, and redacting sensitive and confidential information; and

- Produce materials already in the control of Defendant.

The Subpoena is not tailored to avoid imposing an undue burden on UT Southwestern. Instead, the Subpoena covers voluminous amounts of information without a limitation regarding time period as mentioned above. UT Southwestern cannot reasonably comply with the Subpoena. Listed above are the very burdens that both Rule 45 and the doctrine of sovereign immunity are intended to prevent. *Russell*, 49 F.4th at 515 (sovereign immunity "aims to prevent the indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties. These interests—the sovereign's dignity and authority over its prerogatives—are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint." (internal quotations and citations omitted); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing . . .'"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

subpoena. The court for the district where compliance is required must enforce this duty . . .").

For Plaintiff to say, "give us almost everything you have on Epic's MyChart platform and documents related thereto," is an impermissible attempt to shift the burden of proving Plaintiff's case to UT Southwestern and the taxpayers of Texas. *Surles*, 474 F.3d at 305. Further, complying with the Subpoena would impose a substantial expense upon a non-party, governmental entity and its taxpayers, which is not justified by the needs of private parties. Accordingly, the Subpoena should be quashed.

## IV.    MOTION FOR PROTECTIVE ORDER

In the alternative, should the Court deny UT Southwestern's Motion to Quash, UT Southwestern asks the Court to enter a protective order protecting UT Southwestern and its custodian of records from disclosing the information and documents requested in the Subpoena in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

## V.    PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons discussed above, non-party UT Southwestern respectfully asks the Court to quash the Subpoena. In the alternative, UT Southwestern asks the Court for a protective order, protecting it from complying with the Subpoena. UT Southwestern further asks for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

MELISSA JUAREZ
Deputy Chief, Administrative Law Division

/s/ John M. Grey
JOHN M. GREY
State Bar No. 24012735
Assistant Attorney General

Ted A. Ross
State Bar No. 24008890
Assistant Attorney General

Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 320-0167
John.grey@oag.texas.gov

ATTORNEYS FOR NON-PARTY THE UNIVERSITY
OF TEXAS SOUTHWESTERN MEDICAL CENTER

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attorney attempted to confer with Plaintiff Gallit Fischman regarding the filing of this motion. The undersigned attorney did not receive a response from Plaintiff regarding whether she opposes the filing of Non-Party the University of Texas Southwestern Medical Center's Motion to Quash and for Protective Order.

/s/ John M. Grey
JOHN M. GREY
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2026, a true and correct copy of the foregoing document has been served via email on the following:

GALLIT FISCHMAN
10114 Deermont Trail
Dallas, Texas 75243
Telephone: (214) 893-6720
gallitfischman@yahoo.com

PLAINTIFF PRO SE

/s/ John M. Grey
JOHN M. GREY
Assistant Attorney General