**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 3:26-CV-0770-D |
| | § | |
| v. | § | |
| | § | |
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Plaintiff discloses that generative artificial intelligence was used to assist in preparing this brief, consistent with Local Rule 7.2(f).

---

# PLAINTIFF'S MOTION FOR CASE MANAGEMENT TO RESOLVE THRESHOLD ISSUE AFFECTING THE SCOPE OF DISCOVERY AND BRIEF IN SUPPORT

---

Plaintiff Gallit Fischman requests that the Court address a threshold issue concerning Epic's role in the system at UT Southwestern Medical Center ("UTSW"). Plaintiff previously sought this information directly from Epic through discovery and received no substantive answer. Plaintiff asks that the issue now be resolved as a threshold case-management matter before the protective order is finalized and the scope of discovery is further defined.

Epic attributes the deficiencies at issue to UTSW's configuration choices but controls the information identifying who actually performed that work and has objected to providing it. Whether Epic participated in implementing or configuring the UTSW system bears directly on whether the features and record structures at issue resulted solely from UTSW's independent

choices or from decisions in which Epic participated. Resolving this threshold issue before a protective order is entered will establish the factual basis necessary for discovery to proceed on the correct and efficient path.

## I. PLAINTIFF SPECIFICALLY SOUGHT EPIC'S ROLE THROUGH DISCOVERY

Plaintiff's Interrogatory No. 1 directly requested the information at issue:

**INTERROGATORY NO. 1:** State Epic's role, whether direct or advisory, in the implementation, configuration, operation, and maintenance of the UT Southwestern Epic system, the UT Southwestern Clements Epic system, and the UT Southwestern Heart Clinic Epic system, from initial implementation through May 1, 2025. If Epic contends that a consulting partner or other third party performed any part of that work, identify that person or entity, describe the work performed, and describe Epic's relationship to that work.

Epic responded:

**RESPONSE:** Epic incorporates by reference its Preliminary Statement, its General Objections, and its objections to Plaintiff's "Notice of Integration," "Clarification of the Discovery Scope," and Definitions, each of which applies to this response as though fully set forth herein. Epic objects to this Interrogatory as compound and as containing multiple discrete subparts within the meaning of Rule 33(a)(1). The Interrogatory separately enquires into at least four distinct categories of activity (implementation, configuration, operation, and maintenance) across what Plaintiff characterizes as three distinct "systems," and it further demands the identification of third parties, a description of their work, and a description of Epic's relationship to that work. Each discrete subpart counts against the numerical limit of Rule 33(a)(1).

Epic further objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case under Rule 26(b)(1). The Interrogatory is unbounded at its inception, reaching back to "initial implementation," a period spanning more than a decade, and is untethered to any Epic product or the medication-management functionality, encounter structure, or record-display issues of an Epic product actually placed at issue by the operative complaint.

Epic further objects to this Interrogatory as vague and ambiguous, including in its use of the undefined phrases "role, whether direct or advisory," "operation," and "maintenance," and in its premise that the "UT Southwestern Epic system," the "UT Southwestern Clements Epic system," and the "UT Southwestern Heart Clinic Epic system" constitute three distinct systems. Epic further objects to the extent the Interrogatory assumes facts and adopts disputed characterizations drawn from the operative complaint.

Epic further objects to this Interrogatory because it seeks confidential, proprietary, and trade-secret information, including information concerning the licensing, pricing, architecture, design, configuration, implementation and operation of Epic's software, and no protective order has been entered in this action. Epic is seeking entry of an appropriate protective order, and Epic will not provide any substantive response to this Interrogatory unless and until the Court enters a protective order adequate to safeguard Epic's confidential, proprietary, and trade-secret information and the confidential information of third parties.

Based on the foregoing objections, Epic provides no substantive answer to this Interrogatory at this time, and information responsive to this Interrogatory, to the extent any exists, is being withheld on the basis of the foregoing objections, including Epic's objection to responding in the absence of a protective order. Epic further responds that this Interrogatory may be answered by

documents produced in this matter. See Fed. R. Civ. P. 33(d). If so and after the entry of a protective order, Epic will amend its response to so indicate. Within thirty days after entry of an appropriate protective order, Epic will serve amended responses stating, subject to and without waiving its objections, what if anything it will answer in response to this Interrogatory. Epic reserves the right to supplement or amend this response pursuant to Rule 26(e).

**II. PLAINTIFF'S PRESENT REQUEST IS NARROWER**

Interrogatory No. 1 broadly sought Epic's role in implementation and the identification of any third party involved. Epic provided no substantive answer. Plaintiff's present request is limited to a threshold question: who participated in the implementation of the UTSW Epic system? This narrower request addresses Epic's objection that Interrogatory No. 1 was compound and contained multiple discrete subparts while requiring none of the technical, proprietary, or trade-secret information identified in Epic's objections.

**III. PUBLIC FINANCIAL RECORDS RAISE A QUESTION ABOUT EPIC'S ROLE**

Plaintiff reviewed public financial records reflecting substantial expenditures attributed to Epic during the relevant implementation period. Plaintiff found no corresponding expenditures in those records identifying an outside consulting firm as the implementer. These records further support the need for Epic to identify who actually performed the implementation and configuration work.

**IV. EPIC'S OWN DECLARATION CONFIRMS THAT IMPLEMENTATION IS PART OF ITS OPERATIONS**

In support of its proposed protective order, Epic submitted the sworn declaration of Brett Rehm, its Senior Vice President of Technical Services. Rehm states that Epic has a "track record of successful implementations" and that Epic created installation, training, and go-live tools, protocols, and customer incentive programs that it uses to prepare for and implement software

installations. He further states that Epic has accumulated extensive hands-on implementation experience and has spent more than forty years creating and refining its implementation strategies and schedules. Rehm Decl. ¶¶ 6–7, App. 29, ECF No. 41.

Epic's sworn declaration confirms that Epic implements its systems and has decades of implementation experience, methods, tools, strategies, and schedules. Epic's own evidence therefore establishes that its involvement in the UTSW implementation is a concrete and plausible factual question, not speculation. The declaration places Epic's role in implementing and configuring the UTSW system squarely at issue, making it a necessary threshold question for the scope of discovery.

## V. THE IMPLEMENTATION QUESTION SHOULD BE RESOLVED FIRST

Plaintiff sought to identify who participated in implementing the UTSW Epic system through initial discovery. Epic declined to answer and instead conditioned any substantive response on entry of a protective order. That sequence puts the protective order before the factual question that may determine what discovery is necessary in the first place.

Epic seeks a protective order in response to the discovery Plaintiff has already served. If Epic participated in implementing or configuring the UTSW system, the scope and direction of that discovery may materially change. The implementation question should therefore be resolved first, so that the parties and the Court are not addressing a protective order based on discovery that may no longer reflect the discovery actually necessary.

## VI. COURT INVOLVEMENT IS NECESSARY TO RESOLVE THE THRESHOLD ISSUE

The Court's Scheduling Order requires the parties to complete discovery by April 7, 2027. Scheduling Order, ECF No. 21. Without resolution of the threshold implementation question, discovery lacks a clear direction, is unnecessarily complicated, and cannot progress efficiently through the ordinary discovery process.

Therefore, Plaintiff's request for case-management intervention is limited to resolving that threshold question. Plaintiff asks the Court to require Epic to identify who participated in the UTSW implementation and Epic's role so that discovery can proceed on the appropriate factual basis and scope.

Nothing in this Motion constitutes agreement to Epic's proposed protective order or waives Plaintiff's objections to that proposed order, which Plaintiff will address separately.

## VII. CONCLUSION AND REQUESTED RELIEF

Plaintiff respectfully requests that the Court resolve this discrete threshold case-management issue by directing Epic to identify who participated in the implementation of the Epic system at UTSW and specifically identify Epic's role before a protective order is entered.

Respectfully submitted,

Date: August 29, 2026

/s/ Gallit Fischman

**GALLIT FISCHMAN**

Plaintiff, Pro Se
10114 Deermont Trail
Dallas, Texas 75243
gallitfischman@yahoo.com
214-893-6720

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, Plaintiff certifies that on August 25, 2026, Plaintiff raised with counsel for Defendant Epic Systems Corporation by electronic mail the implementation and configuration issue addressed in this Motion and requested that it be discussed during the parties' scheduled conference. On August 28, 2026, Plaintiff conferred by telephone with Jessica Cox, Esq., counsel for Defendant Epic Systems Corporation, regarding that issue. The parties were unable to agree that the issue should be resolved as a threshold matter before further discovery proceeds. The Motion is opposed.

/s/ Gallit Fischman
GALLIT FISCHMAN, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on August 29, 2026, the foregoing instrument was filed electronically through the Court's CM/ECF system, which transmitted notice of the filing to all counsel of record registered to receive electronic notice in this action.

/s/ Gallit Fischman
**GALLIT FISCHMAN, Pro Se**