APPENDIX A

Plaintiff's Proposed Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| EPIC SYSTEMS CORPORATION, | § | 3:26-CV-0770-D |
| Defendant. | § | |

**ORDER**

The Court ORDERS as follows:

**I. SCOPE AND CONTINUING EFFECT**

1. Nothing in this Order expands or restricts the scope of discovery otherwise permitted by Federal Rule of Civil Procedure 26. Discovery shall concern matters relevant and proportional to the claims and defenses in this Action, including the Epic system at issue and Epic's role concerning its creation, implementation, configuration, operation, functionality, maintenance, and use.

2. Discovery unrelated to the claims or defenses, including unrelated personal, employment, performance, mental-health, private family, or similar personal information, is outside the scope of discovery. The same standard applies equally to both Parties.

3. This Order governs the designation, possession, storage, handling, use, disclosure, transmission, processing, return, and destruction of Discovery Material produced in this Action and applies equally to both Parties. Collectively, these activities are referred to as "handling."

4. The obligations and protections of this Order continue after final disposition of this Action. Any dispute arising from the handling of Discovery Material remains subject to the enforcement provisions of this Order.

5. This Order does not determine admissibility, privilege, trade-secret status, or entitlement to sealing. No confidentiality designation may prevent a named Party, including a Party proceeding pro se, from reviewing discovery produced in this Action.

## II. CLASSIFICATIONS AND DESIGNATION BASIS

6. Discovery Material may be designated CONFIDENTIAL if it contains non-public information entitled to confidentiality protection under applicable law or a binding confidentiality obligation.

7. Discovery Material may be designated HIGHLY CONFIDENTIAL if it contains non-public trade secrets or commercially sensitive proprietary information whose disclosure outside this Action would create an identifiable risk of competitive or commercial harm.

8. Restricted access, a confidentiality agreement, proprietary status, or a proprietary designation does not, standing alone, establish that material qualifies as HIGHLY CONFIDENTIAL.

9. Material not properly designated under this Order is NON-PROTECTED. Information lawfully available to the public, lawfully obtained outside discovery, previously possessed without restriction, belonging to the Receiving Party, or independently known to the Receiving Party is not Protected Material merely on account of its production in discovery.

10. Every confidentiality designation shall identify the level of protection and its basis:

11. CONFIDENTIAL Designation Basis: [brief statement identifying the nature of the protected information]

12. HIGHLY CONFIDENTIAL Designation Basis: [brief statement identifying the protected information and the specific interest requiring heightened protection]

13. The designation and basis may appear on the material, in production metadata, or in a designation log identifying the corresponding material. A designation without the required basis is insufficient.

14. The Designating Party bears the burden of supporting its designation. The Receiving Party is not required to request justification or move to remove the designation. If the Receiving Party disputes a designation and the Designating Party wishes to maintain it, the Designating Party shall seek a ruling from the Court. The existing designation applies until the Court rules.

15. A corrected designation, including the applicable level of protection and required basis, becomes effective upon written notice to the Receiving Party. Conduct occurring before receipt of that notice shall not constitute a violation.

**III. HANDLING**

16. NON-PROTECTED: No restriction under this Order.

17. CONFIDENTIAL: May be handled as necessary for this Action by the Parties, counsel, the Court and its personnel, witnesses as reasonably necessary, retained experts or consultants, court reporters, litigation-support providers, the author or prior lawful recipient, and any person authorized by agreement of the Parties or Court order. It may not be publicly disclosed while properly designated.

18. HIGHLY CONFIDENTIAL: May be handled as necessary for this Action by the Parties, including Plaintiff while proceeding pro se, counsel, the Court and its personnel, retained experts or consultants, court reporters, litigation-support providers, the author or prior lawful

recipient, and any person authorized by agreement of the Parties or Court order. It may not be publicly disclosed while properly designated.

19. HIGHLY CONFIDENTIAL is not an attorneys'-eyes-only designation and may not be used to deny a named Party direct access to discovery. It creates no restriction beyond those expressly stated in this Order. Where no different requirement is expressly stated, the rule governing CONFIDENTIAL material applies.

20. No Party may impose additional handling requirements through a designation, production communication, proprietary platform, or unilateral instruction. No named Party is required to execute a separate acknowledgment, confidentiality agreement, undertaking, or Exhibit A to receive discovery.

**IV. PRODUCTION, REDACTION, AND WITHHOLDING**

21. A confidentiality designation governs handling and is not a basis to withhold or redact otherwise discoverable information.

22. Upon entry of this Order, the absence of a protective order shall no longer constitute a basis for withholding or delaying discovery, and Discovery Material previously withheld or deferred on that basis shall be produced subject to this Order.

23. The pendency of a motion to dismiss does not, absent a separate Order expressly staying discovery, provide a basis for withholding or delaying otherwise required discovery.

24. Responsive information may be withheld or redacted only on a recognized ground permitted by the Federal Rules of Civil Procedure, applicable law, or Court order. A Party withholding or redacting otherwise responsive information shall expressly identify the basis asserted and describe the material affected sufficiently to permit the opposing Party to evaluate that basis without disclosure of the information claimed to be protected.

25. Material shall not be withheld or redacted solely on the ground that it is CONFIDENTIAL, HIGHLY CONFIDENTIAL, proprietary, commercially sensitive, or claimed to constitute a trade secret. Such material shall instead be produced subject to this Order.

26. A confidentiality designation or designation dispute does not stay or delay production. Material subject to a disputed designation shall be produced under the asserted designation pending resolution by the Court.

27. Nothing in this Order authorizes otherwise discoverable material to be withheld from a named Party, including a Party proceeding pro se.

**V. TECHNOLOGY, AI, AND WORK PRODUCT**

28. The same technology requirements apply equally to both Parties and their litigation participants.

29. Protected Material may be processed using an artificial-intelligence or other technology service whose applicable terms prohibit use of the material to train or improve a generally available model and protect the material against unauthorized disclosure. A service satisfying these requirements may be used without permission or case-by-case approval from the other Party.

30. No Party may require the other Party to purchase or use a particular technology, artificial-intelligence service, document-review system, or proprietary platform.

31. A Party's litigation work product, including notes, research, drafts, analyses, chronologies, prompts, outputs, and strategy, remains subject to applicable privilege and work-product protections. Use or analysis of Protected Material does not give the Designating Party a right to inspect or obtain another Party's work product or require disclosure of prompts, outputs, drafts, research, or strategy solely to establish compliance with this Order.

**VI. INADVERTENT DISCLOSURE AND PRIVILEGE**

32. An inadvertent or unintentional unauthorized disclosure of Protected Material does not itself constitute a violation of this Order. Upon discovery, the Party shall notify the Designating Party, take reasonable steps to prevent continuing unauthorized disclosure, and cure the disclosure within 14 days if capable of cure.

33. A timely cured inadvertent or unintentional disclosure shall not support sanctions, contempt, liability, or a separate proceeding.

34. This protection does not apply to an intentional disclosure known at the time to violate an express provision of this Order.

35. Pursuant to Federal Rule of Evidence 502(d), disclosure of information subject to attorney-client privilege or work-product protection in connection with this Action does not waive the privilege or protection. Upon a claim of inadvertent production, the Receiving Party shall sequester the identified material pending resolution of the claim. Assertion of privilege or work-product protection does not itself establish that the material is privileged or protected.

**VII. PHI, PUBLIC INFORMATION, GOVERNMENT COMMUNICATIONS, AND COURT FILINGS**

36. This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e). Protected health information properly produced in discovery shall be treated as CONFIDENTIAL unless it independently qualifies as HIGHLY CONFIDENTIAL.

37. Nothing in this provision expands the permissible scope of discovery into Plaintiff's personal or mental-health information.

38. This Order does not restrict information lawfully available to the public, lawfully obtained outside discovery, previously possessed without restriction, belonging to a Party, or independently known to a Party apart from another Party's Protected Material.

39. Nothing in this Order prohibits lawful communications with governmental or regulatory authorities.

40. A confidentiality designation does not establish entitlement to sealing. Court filings remain subject to the Court's applicable filing and sealing requirements.

## VIII. ENFORCEMENT, CURE, AND SEPARATE ACTIONS

41. Any alleged violation arising solely from conduct governed by this Order shall be addressed through enforcement of this Order by this Court in this Action and shall not independently support a separate action between the Parties.

42. Conduct expressly authorized by this Order does not violate this Order and shall not independently support liability based on the handling of Discovery Material.

43. Neither Party may use an alleged violation of this Order as the basis for a separate trade-secret, confidentiality, or similar action against the other Party where the alleged conduct is governed by this Order. This provision survives final disposition of this Action.

44. Except where immediate Court intervention is necessary to prevent intentional continuing harm, a Party asserting noncompliance shall first provide written notice identifying the alleged violation and requested cure. The receiving Party shall have 14 days to cure an issue capable of cure before sanctions, contempt, or other enforcement relief is sought.

45. Conduct expressly permitted by this Order, and inadvertent or unintentional conduct timely cured under this Order, shall not support sanctions, contempt, liability, or a separate proceeding against the complying Party.

46. Nothing in this section bars a claim arising from conduct independent of Discovery Material and independent of the obligations created by this Order.

## IX. GOVERNING RULE AND SURVIVAL

47. A Party complies with this Order by following its express requirements. Conduct expressly permitted by this Order does not violate this Order.

48. No Party may impose or enforce confidentiality, security, handling, technology, disclosure, or use requirements concerning Protected Material beyond those expressly stated in this Order or subsequently ordered by the Court.

49. The same requirements apply to both Parties. Pro se status does not create additional restrictions or diminish a Party's access to discovery.

50. Any dispute concerning the meaning, application, or enforcement of this Order shall be decided by this Court. Until the Court rules, a disputed interpretation shall not constitute an established violation.

51. This Order may be modified only by Court order. Nothing in this Order stays discovery or permits otherwise discoverable material to be withheld from a named Party.

52. The protections, cure provisions, and enforcement provisions of this Order survive final disposition of this Action.

SO ORDERED.

Dated: ______________________

SIDNEY A. FITZWATER

UNITED STATES DISTRICT JUDGE