IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-0770-D |
| | § | |
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Non-party University of Texas Southwestern Medical Center ("UT Southwestern") objects to plaintiff Gallit Fischman's ("Fischman's") subpoena *duces tecum*. It moves under Fed. R. Civ. P. 45(d)(3) to quash the subpoena on the grounds that it violates its state sovereign immunity and is otherwise unduly burdensome. In the alternative, UT Southwestern moves under Rule 26(c) for a protective order. For the reasons that follow, the court grants UT Southwestern's motion to quash, denies the motion for protective order without prejudice as moot, and quashes the subpoena.

I

This lawsuit arises out of the death of Fischman's father Dov Fischman ("Dov"), who died while receiving medical care at a UT Southwestern facility. Fischman sues Epic Corporation ("Epic") (she nonsuited her lawsuit against UT Southwestern), alleging that its software is responsible for Dov's death.

Fischman subpoenaed UT Southwestern on June 25, 2026 for "documents and

electronically stored information concerning Dov Fischman's medical record, the Epic system as configured and used in his care, and related clinical, operational, technical, and governance materials issued by UT Southwestern." UT Southwestern App. (ECF No. 35-1) at 1. According to Fischman, these "materials are necessary to distinguish between" Epic's and UT Southwestern's role in Dov's death. *Id.* at 2.

Relying on *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022),[1] UT Southwestern moves to quash on the ground that Fischman's subpoena violates its state sovereign immunity. Fischman counters that *Russell* is inapplicable.[2] The court is deciding UT Southwestern's motion on the briefs, without oral argument.

II

The court considers first whether UT Southwestern is entitled to state sovereign immunity. The Fifth Circuit has consistently held that UT Southwestern, "as a state agent, is entitled to Eleventh Amendment sovereign immunity[.]" *Mohamed v. Sadek*, 2023 WL 7412943, at *1 (N.D. Tex. Nov. 9, 2023) (Fitzwater, J.) (citing *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 Fed. Appx. 391, 392 (5th Cir. 2007) (per

[1]The parties dispute whether the subpoena is so unduly burdensome as to justify relief under Rules 45 and 26(c). The court need not reach this issue.

[2]The court declines to accept Fischman's contention that the motion to quash was untimely under Rule 45(d)(2)(B). The "14-day requirement to object to a subpoena is not relevant to a motion to quash a subpoena, which is only required to be 'timely[.]'" 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 n.10 (3d ed.); *see also Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018) (applying same). Filing the present motion to quash 29 days after service of the subpoena is timely.

curiam)); *see also Daniel v. U.T. Sw. Med. Ctr.*, 2019 WL 1778637, at *1 (N.D. Tex. Apr. 22, 2019) (Fish, J.) (stating that "it is well settled that [UT Southwestern Medical Center] is an arm of the state of Texas" and collecting cases stating same). The court therefore holds that UT Southwestern is entitled to state sovereign immunity.

III

The court considers next whether state sovereign immunity extends to non-party subpoenas.

A

"State sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment[.]" *Meyers v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005). It continues to have force, both independently and as preserved in the Eleventh Amendment. *Id.* at 240-41. Sovereign immunity has two implications: first, "each State is a sovereign entity in our federal system; and, second," the "nature of sovereignty" is such that States are not "amenable to the suit of an individual without its consent." *Id.* at 240. This "immunity poses a total bar to 'suit,' not just to liability." *Russell*, 49 F.4th at 512.

In *Russell* the Fifth Circuit held that "immunity from suit" implies immunity from non-party discovery requests. *Id.* at 514 (stating that "sovereign immunity is an immunity from . . . discovery . . . not just liability."). "[S]overeign immunity respects a broader berth" than just the usual instance where a state is a defendant. *Id.* at 513. Instead, it extends to when "the effect of the judgment would be 'to restrain the Government from acting, or to

compel it to act.'" *Id.* at 514 (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). Non-party subpoenas are within this scope; they "issue under the court's authority and are enforced by court order[,]" subjecting the sovereign to the "coercive process of judicial tribunals at the instance of private parties." *Id.* at 515 (internal quotation marks and citations omitted). Such subpoenas would "compel [the State] to act[,]" which is contrary to the concept of immunity. *Dugan*, 372 U.S. at 620. Therefore, the *Russell* panel held that a state enjoys sovereign immunity from non-party subpoenas. *Russell*, 49 F.4th at 519.

After *Russell*, district courts have consistently quashed subpoenas seeking non-party discovery from the state. *Marks v. City of Manvel*, 2025 WL 3440690, at *2 (S.D. Tex. Dec. 1, 2025) (granting motion to quash non-party subpoena based on state sovereign immunity); *United States v. Planned Parenthood Fed'n of Am.*, 2022 WL 21758612, at *3 (N.D. Tex. Dec. 6, 2022) (Kacsmaryk, J.) (same); *B&C KB Holding GMBH v. Tchr. Ret. Sys. of Tex.*, 2024 WL 420161, at *1 (W.D. Tex. Feb. 2, 2024) (adopting report recommending the same); *TexasLDPC, Inc. v. Broadcom, Inc.*, 2023 WL 3293291, at *2 (S.D. Tex. May 5, 2023) (holding same); *Thompson v. Richter*, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025) (per curiam) (affirming same). And those few cases where courts have denied motions to quash involve circumstances not present here. *See Texas v. Google, L.L.C.*, 2024 WL 1676211, at *1 (E.D. Tex. Apr. 18, 2024) (adopting report denying motion to quash where state had waived sovereign immunity by filing suit in federal court); *Drs. Hosp. of Laredo v. Cigarroa*, 2023 WL 11987993, at *1 (W.D. Tex. May 19, 2023) (denying motion to quash when it was unclear whether non-parties were state actors). Therefore, *Russell* is consistently applied in

the manner that UT Southwestern requests, to "protect[] the State of Texas and its agencies from third-party discovery." UT Southwestern Br. (ECF No. 35) at 2.

B

Fischman's opposition arguments are unpersuasive. First, it does not matter whether the "purpose" of her subpoena is to establish liability against Epic rather than UT Southwestern. P. Resp. (ECF No. 37) at 2.[3] The controlling question is whether the non-party subpoena coerces the state. *See Russell*, 39 F.4th at 514. If so, the analysis ends.

Moreover, Fischman's reliance on out-of-circuit holdings is misplaced because this court is bound by Fifth Circuit precedent. *See Marks*, 2025 WL 3440690, at *2 n.3 ("[Plaintiff] cites more than 15 district court and circuit court opinions from across the country disagreeing with *Russell's* holding[.]" "Those cases are interesting to read," but the court is "required to follow binding Fifth Circuit precedent until the Fifth Circuit or the Supreme Court overturns it. *Russell* is directly on point.").

Finally, neither of the Texas state court cases that Fischman cites is apposite. *See State v. Nonparty Patient No. 1*, 720 S.W.3d 819, 823 (Tex. App. 2025) (discussing motion for protective order filed *against* a state entity related to a lawsuit the state filed); *In re Nonparty Patient No. 1*, 2025 WL 2934064, at *1 (Tex. App. Oct. 16, 2025) (same).

[3] Even if it were relevant, Fischman's now dismissed lawsuit against UT Southwestern in a separate proceeding shows a greater similarity to *Russell* than she represents. *See Russell*, 49 F.4th at 514-15 (non-party state agents were also dismissed from a separate lawsuit).

IV

In sum, under *Russell* UT Southwestern enjoys state sovereign immunity that extends to Fischman's non-party subpoena. The motion to quash is therefore granted.

* * *

For the reasons explained, the court grants UT Southwestern's motion to quash, denies the motion for protective order without prejudice as moot, and quashes the subpoena.

**SO ORDERED.**

September 30, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE