IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| EPIC SYSTEMS CORPORATION, | § | 3:26-CV-0770-D |
| Defendant. | § | |

---

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**

---

Plaintiff Gallit Fischman submits this limited Sur-Reply to address the revised protective order Epic filed with its Reply and Epic's characterization of Plaintiff's prior concessions.

Plaintiff consistently opposed entry of Epic's proposed protective order and did not concede that Epic established good cause for the protections it seeks. Epic represented its proposed order as standard and necessary before it would produce confidential discovery. Plaintiff therefore spent months negotiating its terms, made concessions, and submitted her own proposed order in an effort to obtain discovery. Those efforts did not constitute agreement that a protective order was necessary or that Epic's remaining provisions were proper.

Epic now incorporates selected concessions into its revised order and frames the remaining dispute as a choice between the parties' competing orders. That framing omits whether Epic has established good cause under Rule 26(c) for the protections and restrictions it asks the Court to impose.

## I. EPIC'S GOOD-CAUSE SHOWING DOES NOT JUSTIFY EVERY PROVISION OF ITS PROPOSED ORDER

Rule 26(c) permits the Court, for good cause, to protect a party from specified harms, including by requiring that trade secrets or confidential commercial information be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1), (c)(1)(G). The party seeking protection bears the burden to show the necessity of the protection sought through "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Epic identified categories of requested information that it maintains contain trade secrets or confidential commercial information. Plaintiff does not oppose reasonable protection of information that qualifies for protection under Rule 26(c).

That does not make Epic's entire proposed order necessary or undisputed. Plaintiff's willingness to protect legitimate confidential information, negotiate terms, and submit an alternative order did not concede that every restriction Epic seeks satisfies Rule 26(c). Plaintiff's Response addressed the relief Epic placed before the Court and proposed an alternative order within that framework. Although Plaintiff did not expressly request that no protective order be entered, Plaintiff did not concede that a protective order was necessary or that Epic had established good cause for one. Plaintiff's alternative proposal addressed the terms that should govern if the Court determined that a protective order was warranted.

The issue is therefore not whether legitimate trade secrets may be protected. The issue is whether the additional restrictions Epic seeks are supported by the good cause required for the protection imposed. Epic's showing concerning proprietary software and commercial information does not itself establish the necessity of provisions governing separate matters such as third-party acquisition of PHI or restrictions extending beyond what is necessary to secure confidential information.

## II. THE PHI PROVISIONS GO BEYOND CONFIDENTIALITY PROTECTION

Epic's revised order does more than protect PHI after production. Its PHI provision authorizes covered entities receiving discovery requests to disclose otherwise discoverable PHI and prevents withholding solely on HIPAA grounds.

HIPAA already governs disclosure of PHI in litigation. See 45 C.F.R. § 164.512(e). Epic's Reply identifies the protections required for a qualified protective order: PHI obtained through discovery cannot be used outside the litigation and must be returned or destroyed when the litigation ends. Plaintiff does not oppose those protections.

Epic's revised PHI provision goes further. Protecting PHI once properly obtained is different from prospectively authorizing covered entities to disclose it. Epic's proposal would establish that authority before any particular third-party request has been made or adjudicated.

That distinction became significant during Plaintiff's discovery dispute with UT Southwestern. Plaintiff requested her father's complete medical record but does not know whether she received all information maintained by the institution. This action concerns an electronic health-record system, and relevant electronically stored information may extend beyond a conventional medical-record production.

UT Southwestern has now successfully asserted sovereign immunity against Plaintiff's nonparty subpoena. Epic nevertheless contends that UT Southwestern bears responsibility for matters at issue here.

The proposed PHI provision cannot override that ruling or compel UT Southwestern to produce information. If Epic later seeks PHI from UT Southwestern or another covered entity, the request can be addressed under 45 C.F.R. § 164.512(e), the Court's September 30 ruling, and any applicable objections.

Plaintiff is prepared to produce the medical records provided to her to the extent they are discoverable. She objects to using a protective order sought as a condition of Epic's own production to establish advance authority for third-party disclosure of her father's PHI.

## III. EPIC'S AI PROVISIONS EXCEED WHAT IS NECESSARY TO PROTECT CONFIDENTIAL INFORMATION

Plaintiff does not oppose reasonable security requirements for legitimately confidential information. She has agreed to use secure enterprise AI that does not train on Epic's information and to provide information sufficient to establish compliance.

Epic's revision now confirms that qualifying enterprise AI is permitted. That resolves part of Plaintiff's original objection. Plaintiff does not seek to place Protected Material into consumer AI systems that train on it or expose it to unauthorized third parties.

The remaining provisions impose contractual requirements concerning retention, training, disclosure, and deletion, together with requirements concerning identification and documentation of platforms used with Protected Material. Epic has identified no incident in which Plaintiff disclosed Protected Material through AI.

Plaintiff is self-represented and uses AI to review documents, organize evidence, conduct legal research, and prepare filings. Restrictions should protect Epic's confidential information, not unnecessarily regulate Plaintiff's litigation tools.

Epic also states that its disclosure provision does not require Plaintiff to disclose prompts, outputs, drafts, or strategy. Plaintiff does not object to establishing that an AI platform receiving Protected Material satisfies reasonable security requirements. No further disclosure into Plaintiff's litigation analysis or work product is necessary to accomplish that purpose.

Any AI restriction should therefore be limited to what is necessary to protect information for which Epic establishes good cause.

**IV. EPIC'S REVISIONS DO NOT RESOLVE THE DISPUTE**

Epic's revised order incorporates selected concessions from Plaintiff's Response while retaining disputed provisions. Plaintiff does not oppose the revisions that address concerns she raised, including clarification concerning compliant enterprise AI and protection for conduct authorized by the order.

Plaintiff approached the proposed protective order as a compliance framework. Epic maintained that confidential discovery would not be produced without an order, while its discovery requests also sought personal information from Plaintiff. Plaintiff's principal concern was having a clear blueprint governing the information exchanged in discovery so that she could comply in good faith without exposing herself to separate liability or financial harm.

Plaintiff was also concerned by provisions that appeared to extend beyond protecting confidential information and whose effect on later discovery was unclear. She therefore focused her negotiations on obtaining clear boundaries and avoiding provisions that could later impair her ability to litigate the case. Epic now recasts those efforts as broader agreement with the protections it seeks. They were not. Plaintiff was attempting to obtain discovery under a framework she could understand and safely follow.

Those concessions do not constitute approval of Epic's remaining terms, its revised order as a whole, or agreement that a protective order is necessary. Plaintiff negotiated within the framework Epic placed before the Court after Epic maintained that it would not produce confidential discovery without a protective order. Although Plaintiff proposed alternative terms in an effort to obtain discovery, Plaintiff did not concede that Epic had established good cause for entry of a protective order.

The dispute is therefore not merely which competing order the Court should enter. Plaintiff seeks denial of Epic's Motion for Entry of its proposed Protective Order. Epic must establish good cause under Rule 26(c) for the protections and restrictions it asks the Court to impose. Plaintiff's alternative proposed order does not concede Epic's entitlement to the relief requested in its Motion; it provides an alternative if the Court determines that a protective order is warranted.

**V. DISCOVERY SHOULD PROCEED WITHOUT FURTHER DELAY**

The Court has now ruled on Epic's second motion to dismiss. Plaintiff's negligence, products-liability, and wrongful-death claims remain pending. There is no Court-ordered discovery stay.

Epic's revised proposal states that nothing in the protective order stays, postpones, limits, or conditions discovery absent a Court-ordered stay. Epic also states that it will amend its discovery responses within thirty days after entry of an appropriate protective order.

Plaintiff respectfully submits that the protective-order dispute has consumed disproportionate party and judicial resources and has become unnecessarily complicated. Neither the pendency of Epic's motion to dismiss nor the parties' dispute over a protective order operated as a Court-ordered stay of discovery. Plaintiff could have sought an order compelling discovery, but declined to add another discovery motion while the parties were already litigating these collateral issues. Plaintiff instead seeks to resolve this dispute and proceed with discovery on the merits.

Plaintiff seeks to avoid further litigation over collateral restrictions and proceed to the merits of this case. This is Court-supervised discovery, not an ordinary commercial exchange in which Epic must rely on contractual protections for its confidential information. Rule 26(c) and

the Court's supervision already provide a framework for protecting legitimately confidential material.

Plaintiff's principal concern is avoiding separate liability or financial exposure while complying in good faith with the Court's order. Plaintiff is not seeking permission to disclose Epic's confidential information publicly or disregard reasonable confidentiality requirements. Plaintiff seeks an order that protects Epic's legitimate interests while also protecting Plaintiff for good-faith compliance.

Plaintiff therefore asks for the simplest path forward. Plaintiff will comply with the protections the Court orders and asks that those protections clearly safeguard good-faith compliance. Plaintiff wants the protective-order dispute resolved, the outstanding discovery produced, and this case returned to the merits rather than continuing to expend party and judicial resources litigating increasingly complicated protective-order terms.

Epic represents in its Reply that it will amend its discovery responses within thirty days after entry of an appropriate protective order. Plaintiff therefore requests that any order resolving the protective-order motion specify that deadline and require production of responsive, nonprivileged material subject to the protections ordered by the Court.

**VI. CONCLUSION AND REQUESTED RELIEF**

Plaintiff respectfully requests that the Court deny Epic's Motion for Entry of its proposed Protective Order. Plaintiff's preferred course is for discovery to proceed under the Federal Rules of Civil Procedure and the Court's supervision without a separate protective order. Epic must establish good cause under Rule 26(c) for any additional protections or restrictions it asks the Court to impose.

If the Court determines that a protective order is warranted, Plaintiff requests that the Court enter Plaintiff's previously filed proposed order, with any modifications the Court deems

appropriate, rather than Epic's proposed order. Plaintiff does not oppose reasonable protection of legitimate trade secrets, litigation-only use and return-or-destruction requirements for PHI properly obtained in discovery, or reasonable security requirements for Protected Material used with compliant enterprise AI.

Plaintiff further requests that the Court establish a date certain following its ruling by which Epic must serve its outstanding discovery responses and produce responsive, nonprivileged material subject to any protections ordered by the Court.

Plaintiff further requests such other relief to which she may be entitled.

Respectfully submitted,

Date: October 5, 2026

/s/ Gallit Fischman

**GALLIT FISCHMAN, Pro Se**
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record through the Court's CM/ECF system, or by other means authorized by the Federal Rules of Civil Procedure, on October 5, 2026.

/s/ Gallit Fischman

**GALLIT FISCHMAN, Pro Se**