**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GALLIT FISCHMAN,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Case No. 3:26-CV-0770-D** |
| | § | |
| **EPIC SYSTEMS CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT EPIC SYSTEMS CORPORATION'S ADDITIONAL REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendant Epic Systems Corporation ("Epic") files this Additional Reply in support of its Motion for Entry of a Protective Order ("Motion") (Doc. 40), and in response to Plaintiff's Sur-Reply (Doc. 52), pursuant to the Court's order granting leave (Doc. 53).

## I. INTRODUCTION

Plaintiff's Sur-Reply asks for something neither party has proposed before: no protective order at all. Doc. 52 at 10. That request contradicts Plaintiff's own filings. Plaintiff herself proposed a protective order, which she represented "constitutes a qualified protective order under 45 C.F.R. § 164.512(e)." Doc. 44 ¶ 36. And her discovery responses withheld her father's medical records as well as other documents requested by Epic on the ground, among others, that they should not be disclosed without a protective order. *See* Ex. A at RFP No. 5 (App. 5); Doc. 45 at 4–5. Beyond that request, the Sur-Reply confirms how little the parties dispute. Epic does not suggest that Plaintiff has agreed to every term. But she does not oppose "reasonable protection of legitimate trade secrets, litigation-only use and return-or-destruction requirements for PHI properly obtained in discovery, or reasonable security requirements for Protected Material used with compliant enterprise AI." Doc. 52 at 11. Thus,

what remains in dispute is the wording of one HIPAA paragraph that Epic never revised and Plaintiff never challenged before; the contractual terms governing AI use; and the wording of a production deadline that Epic agrees the Court should set. None is a reason to deny entry of Epic's revised order.

## II. ARGUMENT & ANALYSIS

### A. Plaintiff's New Request for "No Order" Contradicts Her Own Filings.

In her Response, Plaintiff asked the Court to "enter Plaintiff's Proposed Protective Order." Doc. 43 at 8. Plaintiff's proposed order declares that it "constitutes a qualified protective order under 45 C.F.R. § 164.512(e)." Doc. 44 ¶ 36. And her discovery responses withheld Dov Fischman's medical records in part for want of appropriate protection under Rule 26(c). *See* Doc. 45 at 4–5; Ex. A at App. 5 ("Plaintiff further objects to disclosure of sensitive medical information without appropriate protection under Rule 26(c)."); *see also id.* at App. 3–13 (withholding information "pending adequate protection" related to Plaintiff's allegations of design defect, the cause of death of Dov Fischman, Plaintiff's alleged damages, Plaintiff's wrongful death beneficiary status, Plaintiff's general and financial relationship with Dov Fischman, Plaintiff's work history and professional experience using EHR platforms, and Plaintiff's other lawsuits related to Dov Fischman's death). Yet, in her Sur-Reply, Plaintiff now states that her "preferred course is for discovery to proceed . . . without a separate protective order." Doc. 52 at 10. But Plaintiff concedes she never made that request before. *Id.* at 5 ("Plaintiff did not expressly request that no protective order be entered"). She cannot both withhold discovery pending Rule 26(c) protection and oppose any order that would provide it.

Plaintiff's new position also cannot revive any dispute over good cause. Epic demonstrated good cause through the Rehm declaration, which identifies the specific categories of trade-secret and confidential information at issue and the competitive harm their disclosure would cause. Doc. 41, Ex. B ¶¶ 10–12, 14–20 (App. 30–32). Plaintiff has now submitted three filings related to the Motion and never once disputed a fact in the Rehm declaration. She instead agrees that Epic "identified

categories of requested information that it maintains contain trade secrets or confidential commercial information" and "does not oppose reasonable protection" of that information. Doc. 52 at 5. Thus, good cause is unrebutted.

Plaintiff's remaining argument is that the Rehm declaration does not support provisions governing "separate matters" such as PHI and AI use. Doc. 52 at 5. Both provisions have support. The PHI terms she does not oppose—litigation-only use and return or destruction—are the terms HIPAA itself prescribes for a qualified protective order, 45 C.F.R. § 164.512(e)(1)(v), and Plaintiff's own order invokes them. *See* Doc. 44 ¶ 36. The AI terms require that the same trade-secret information the Rehm declaration identifies as confidential "be revealed only in a specified way"—a standard articulated by the Federal Rules. *See* FED. R. CIV. P. 26(c)(1)(G). The rest of the Rehm declaration supports the AI terms too: it confirms that Epic broadly imposes policies consistent with the AI terms for the handling of confidential information. Anyone using UserWeb, such as a customer, is subject to its terms of use, which bar disclosure of Epic's confidential information "to large language models such as ChatGPT or chatbots," and Epic instructs its own employees not to input information about its software into unapproved AI tools. Doc. 41, Ex. B ¶¶ 20, 23 (App. 32).

Further, though Plaintiff now claims that the "simplest path forward" would be no protective order, Doc. 52 at 10, the protections she says she does not oppose, *id.* at 11, exist only if the Court orders them. Rule 26(c) is the authority for entering a protective order, not a substitute for one. And without an order, there is no qualified protective order—the mechanism both parties' proposed orders adopt—for any covered entity responding to discovery in this case. *See* 45 C.F.R. § 164.512(e)(1)(ii)(B), (e)(1)(v). Thus, Plaintiff's "simplest path forward" would leave her own objection to producing documents, including her father's medical records, in place and stall the very discovery she wants.

### B. Paragraph 25(b) Removes HIPAA as an Obstacle; It Does Not Compel Anyone to Produce Anything.

Plaintiff did not challenge Paragraph 25(b) in her Response, and Epic did not revise it. *Compare* Doc. 41, Ex. A ¶ 25(b) (App. 14–15) *with* Doc. 51-1 ¶ 25(b) (App. 14–15). Plaintiff now objects that Epic's HIPAA provision "prospectively authoriz[es]" covered entities to produce information "before any particular third-party request has been made or adjudicated." Doc. 52 at 6. That is what HIPAA contemplates: a covered entity may disclose PHI "in response to an order of a court," limited to the PHI "expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). Paragraph 25(b) supplies that authorization and nothing more. As drafted, Paragraph 25(b) "authorize[s]" covered entities to disclose PHI in response to a discovery request but expressly provides that "nothing in this Protective Order shall require any Covered Entity (or Party) to produce PHI" and that the order does not "affect other objections to such a discovery request, such as those unrelated to HIPAA." Doc. 51-1 ¶ 25(b) (App. 14). It does not override any objection that may be asserted or mandate production without objection by the third party. Nor can it override the Court's order quashing Plaintiff's subpoena to UTSW, *see* Doc. 50—a point Epic does not dispute. To remove any doubt, Epic does not object to adding the following sentence at the end of Paragraph 25(b): "Nothing in this paragraph subjects any non-party to discovery, waives or limits any immunity or objection other than one based on HIPAA, or requires any person to produce PHI."[1]

### C. The Disputed Terms Have Narrowed Even Further.

Plaintiff does not oppose Epic's revision providing that "[c]onduct expressly authorized by this Order does not constitute a violation of the Order." Doc. 52 at 8; Doc. 51-1 ¶ 47 (App. 24). That revision addresses what Plaintiff previously called "a principal reason Plaintiff could not agree to Epic's proposed joint Order." Doc. 43 at 2.

---

[1] Epic's proposed order submitted with this Additional Reply incorporates this change.

The AI dispute is now down to the contractual terms governing retention, third-party disclosure, and deletion, and the requirement to identify the platform and document its terms. Plaintiff accepts that use of enterprise AI is limited to a system that "does not train on Epic's information." Doc. 52 at 7. However, despite agreeing "to provide information sufficient to establish compliance," Plaintiff maintains that she should not be required to produce her contract with any AI system. *Id.* Further, Plaintiff claims that prohibiting use of an AI that stores input information, or that does not afford a contractual right to delete input information, is unnecessary because Epic "has identified no incident in which Plaintiff disclosed Protected Material through AI." *Id.* Neither argument has merit.

Plaintiff's objection to providing the contract fails on her own terms. She agrees to provide "information sufficient to establish compliance." Doc. 52 at 7. Whether a provider is contractually barred from retaining, disclosing, or training on inputs is a question only the contract answers. And a provider's terms reveal nothing about Plaintiff's prompts, outputs, drafts, or strategy, none of which the revised order reaches. *See id.* (noting Epic's position that its disclosure provision does not require disclosure of "prompts, outputs, drafts, or strategy").

The AI provisions in Epic's revised order restrict future conduct because the harm they address cannot be undone after the fact: "a trained model cannot be untrained." Doc. 40 at 8; *see also* Doc. 51 at 4 & n.1. A platform that does not train on inputs but retains them indefinitely, or shares them with third parties, leaves Epic's confidential information outside the control of the parties and this Court. Further, protective orders are preventive by design; Rule 26(c) authorizes the Court to act by "forbidding the disclosure" before harm occurs. FED. R. CIV. P. 26(c)(1)(A). Epic has never suggested that Plaintiff misused its information, and it imposes a comparable restriction on its own employees without any such suggestion. *See* Doc. 41, Ex. B ¶ 23 (App. 32). Preemptively protecting against this risk is why *Morgan* adopted the same contractual elements proposed in the revised order—no storage or training on inputs, no third-party disclosure, and a right to delete—in a case with a *pro*

*se* plaintiff, while acknowledging that doing so "disadvantages *pro se* litigants," because courts "cannot ignore the real risks associated with mainstream tools that persistently collect and store data and could compromise confidentiality." *Morgan v. V2X, Inc.*, No. 25-cv-01991-SKC-MDB, 2026 WL 864223, at *7 (D. Colo. Mar. 30, 2026).

### D. Any Production Deadline Should Preserve Objections and Apply to Both Parties.

Plaintiff asks the Court to set a date certain requiring Epic to "produce responsive, nonprivileged material subject to any protections ordered by the Court." Doc. 52 at 10–11. Epic has already committed to serve amended responses, "subject to and without waiving its objections," within thirty days after entry of an appropriate protective order. *See* Doc. 51 at 9; Doc. 42 at 4; Doc. 45 at 4–5. Epic does not oppose an order memorializing that commitment. However, Plaintiff's language, as phrased, could be read to require production of all "responsive" material notwithstanding Epic's pending objections. Doc. 52 at 11. That relief is improper without a motion to compel under Rule 37, which Plaintiff herself confirms she has not filed. *See id.* at 9 ("Plaintiff could have sought an order compelling discovery, but declined to add another discovery motion while the parties were already litigating these collateral issues").

Regardless, both parties have outstanding discovery obligations. Plaintiff, too, has withheld documents pending protections under Rule 26(c), including Dov Fischman's medical records. *See* Doc. 45 at 4–5. She now says she "is prepared to produce the medical records provided to her to the extent they are discoverable." Doc. 52 at 7. Those records are responsive to Epic's Request for Production No. 5, and Rule 26(e) reaches any records she obtains later. Thus, any deadline should run both ways.

Epic therefore proposes that, if the Court imposes a discovery deadline, the order state:

> *Within thirty (30) days after entry of the Protective Order, each party shall serve amended responses to the other party's outstanding written discovery and shall begin producing, on a rolling basis, the nonprivileged documents it has agreed to produce in those responses, subject to the Protective Order. Each amended response shall state, as Rule 34(b)(2)(C) requires,*

> *whether any responsive materials are being withheld on the basis of an objection. Nothing in this Order resolves any objection or the proper scope of discovery, which may be raised by motion under Rule 37.*

## III. CONCLUSION

Epic respectfully requests that the Court grant its Motion; enter Epic's revised proposed protective order submitted with this Additional Reply; set the reciprocal deadline proposed above; deny Plaintiff's alternative requests; and grant Epic such further relief as the Court deems just and proper.

DATE: October 16, 2026

Respectfully submitted,

*/s/ Jessica D. Cox*
Christopher J. Schwegmann
Texas Bar No. 24051315
cschwegmann@lynnllp.com
Jessica D. Cox
Texas Bar No. 24114769
jcox@lynnllp.com
Madelyn C. Stanley
Texas Bar No. 24121529
mstanley@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR DEFENDANT EPIC SYSTEMS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff in accordance with the Federal Rules of Civil Procedure via ECF and email on October 16, 2026.

*/s/ Jessica D. Cox*
Jessica D. Cox