**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GALLIT FISCHMAN,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Case No. 3:26-CV-0770-D** |
| | § | |
| **EPIC SYSTEMS CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | |

**APPENDIX TO DEFENDANT EPIC SYSTEMS CORPORATION'S ADDITIONAL REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

| EX. | DESCRIPTION | APP PAGE |
|---|---|---|
| A | Plaintiff's Objections and Responses to Epic's First Set of Interrogatories and Requests for Production | App. 001-014 |

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:26-CV-0770-D |
| v. | § | |
| | § | |
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| Defendant. | | |

---

# PLAINTIFF GALLIT FISCHMAN'S OBJECTIONS AND RESPONSES TO DEFENDANT EPIC SYSTEMS CORPORATION'S FIRST INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION

---

## PRELIMINARY STATEMENT

Under Rules 26, 33, and 34, Plaintiff serves these Objections and Responses to Epic's First Interrogatories and First Requests for Production, served July 21, 2026. Plaintiff served her discovery requests before Epic served its own, yet Epic has provided no substantive responses or document production pending entry of a protective order. No protective order has been entered. Plaintiff objects to providing substantive discovery while Epic withholds its responses to Plaintiff's earlier-served requests, particularly where Epic now seeks sensitive personal, protected, and litigation-preparation material. Plaintiff further objects to premature technical-contention discovery that depends on technical information Epic has not produced and seeks appropriate sequencing under Rule 26(d).

Responsive documents, if any, are withheld on the stated objections consistent with Rule 34(b)(2)(C). Plaintiff preserves all objections and protections under Rules 26(b)(1) and 26(c) and will present the disputed scope, protections, and sequencing of discovery in her forthcoming motion for protective and case-management relief. These responses may be supplemented as required by Rule 26(e). Nothing in these responses concedes that responsive material exists.

## GENERAL OBJECTIONS

**Sensitive Information.** Plaintiff objects to disclosure of sensitive or protected material beyond Rule 26(b)(1) or without appropriate protection under Rule 26(c). Disclosure by a HIPAA-regulated entity remains subject to 45 C.F.R. § 164.512(e).

**Privilege and Work Product.** Plaintiff objects to privileged communications and protected trial-preparation material under Rules 26(b)(3)-(5) and Evidence Rule 502. These protections are not limited to represented parties or counsel and apply equally to qualifying trial-preparation materials prepared by a self-represented party.

**Sequencing.** Epic has withheld discovery necessary to Plaintiff's technical contentions. Plaintiff seeks sequencing under Rule 26(d) and preserves relief under Rules 26(c) and 37.

**Scope and Proportionality**. Plaintiff objects to discovery exceeding Rule 26(b)(1).

**Control.** Plaintiff objects to material outside her control or obligations exceeding the Federal Rules.

**Drafting.** Plaintiff objects to defective or compound requests. Repeating Epic's terms admits nothing.

**Narrative Demands.** Plaintiff objects when Rule 34 demands creation of new material rather than production of existing documents.

**Prematurity.** Plaintiff objects to final technical or expert contentions before Epic produces relevant technical discovery and before the expert deadline.

**Discovery Device.** Plaintiff objects to demands that exceed the proper scope of the discovery device used.

**Initial Disclosures.** Plaintiff objects to duplicating Rule 26(a)(1) without a specific deficiency or proportional need and preserves her objection to Epic's incomplete disclosures.

**Duplication.** Plaintiff objects to duplicative or equally available material.

**Reservation.** Plaintiff preserves all applicable rights and protections under the Federal Rules.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

### PREMATURE OR IMPROPERLY SEQUENCED TECHNICAL CONTENTION INTERROGATORIES

INTERROGATORY NO. 4: Describe in detail Your understanding of the respective roles of Epic and UT Southwestern Medical Center in configuring, implementing, and maintaining the EHR system used in Dov Fischman's care, including what aspects of the system You contend are controlled by Epic versus UTSW and the factual basis for those contentions.

RESPONSE: Plaintiff objects that this Interrogatory prematurely seeks technical contentions dependent on discovery Epic has withheld and invades protected litigation analysis. Further answer is deferred pending adequate protection and Epic's predicate production. Plaintiff will supplement as required.

INTERROGATORY NO. 6: Describe the complete factual basis for Your allegations concerning the architecture, data model, encounter structure, and configurability of Epic Software, including Your allegations that the relevant features are "fixed and uniform across deployments" and that the safeguard at issue "cannot be created through configuration, workflow design, or user input" (SAC ¶¶ 84, 91), including each Document, publication, website, online forum, or other source upon which You rely for those allegations.

RESPONSE: Plaintiff objects that this Interrogatory prematurely seeks technical contentions dependent on discovery Epic has withheld and invades protected litigation analysis. Further answer is deferred pending adequate protection and Epic's predicate production. Plaintiff will supplement as required.

**OTHERWISE APPLICABLE FACTUAL AND DAMAGES INTERROGATORIES DEFERRED PENDING PROTECTIONS**

INTERROGATORY NO. 1: Identify each specific instance in which You contend that Epic's EHR system displayed inaccurate, incomplete, or misleading medication information concerning Dov Fischman, and for each instance, state: (i) the date; (ii) the specific data field, screen, report, or output at issue; (iii) the Epic product(s) in which the information allegedly existed; (iv) what information was displayed or not displayed; (v) what information You contend should have been displayed; and (vi) which clinician or patient was allegedly misled by the information displayed or lack thereof.

RESPONSE: Plaintiff objects that this Interrogatory prematurely seeks protected factual contentions dependent in part on discovery Epic has withheld. Plaintiff seeks deferral of further response pending adequate protection and appropriate sequencing and will supplement as required.

INTERROGATORY NO. 2: Identify all the person(s) or entities that You allege contributed to the death of Dov Fischman.

RESPONSE: Plaintiff objects that this Interrogatory prematurely seeks factual contentions dependent in part on discovery Epic has withheld. Plaintiff's current allegations concerning the persons and entities alleged to have contributed to Dov Fischman's death are set forth in her publicly filed pleadings and are equally available to Epic. Further response is deferred pending appropriate sequencing of discovery. Plaintiff will supplement as required.

INTERROGATORY NO. 3: For each person or entity identified in the preceding Interrogatory response, describe how each person or entity contributed to the death of Dov Fischman, including their alleged contributing actions or inactions.

RESPONSE: Plaintiff objects that this Interrogatory prematurely seeks developed factual contentions dependent in part on discovery Epic has withheld. Plaintiff's current allegations concerning how the persons and entities at issue contributed to Dov Fischman's death are set forth in her publicly filed pleadings and are equally available to Epic. Further response is deferred pending appropriate sequencing of discovery. Plaintiff will supplement as required.

INTERROGATORY NO. 5: State separately each category of damages You seek in This Action, including loss of companionship, mental anguish, loss of inheritance, pecuniary loss, and exemplary damages, and for each category state the amount claimed and describe in detail the method and factual basis by which You calculated or determined that amount.

RESPONSE: Plaintiff objects that this Interrogatory seeks a damages computation addressed by Rule 26(a)(1)(A)(iii) and demands precision not presently available, particularly as to noneconomic damages. Plaintiff's damages computation remains pending as stated in her initial disclosures. Further response is deferred pending appropriate discovery. Plaintiff will supplement as required.

INTERROGATORY NO. 7: Identify each occasion You are aware of on which You, Dov Fischman, or any family member, caretaker, or friend of Dov Fischman reported, complained of, or raised concerns about Dov Fischman's symptoms, condition, or suspected medication side effects to any healthcare provider or medical facility, and for each occasion state: (i) the date; (ii) the Person who made the report; (iii) the Person to whom it was made; (iv) the substance of the

2026 WL 373043 (E.D. Mich. Feb. 10, 2026) (denying discovery into a pro se plaintiff's use of Generative AI and holding that qualifying AI litigation materials were protected work product). Epic may not use Plaintiff's litigation tools to reconstruct her research, analysis, drafting, mental impressions, or litigation strategy. Responsive protected materials are withheld under these objections.

**MEDICAL INFORMATION, THIRD-PARTY MEDICAL CONDUCT, AND EPIC SYSTEM-RELATED REQUESTS**

Plaintiff objects to discovery directed at shifting this Action from the alleged defects in Epic's EHR technology to the independent medical decisions, treatment, or alleged fault of third parties. This Action concerns whether deficiencies in Epic's EHR system deprived treating providers of accurate and reliable information necessary to manage Dov Fischman's care and respond to his deterioration. The Court has already held at the pleading stage that Plaintiff plausibly alleged Epic's EHR deficiencies were a but-for cause and substantial factor in Dov Fischman's death, even assuming treating physicians' independent judgment played a role in the causal chain, and rejected application of the learned-intermediary doctrine as a basis for dismissal. Discovery must remain relevant and proportional to the claims and defenses in this Action under Rule 26(b)(1).

REQUEST FOR PRODUCTION NO. 5: All medical records, electronic health records, proxy access records (including MyChart records), or legal medical records for Dov Fischman, including but not limited to records from UT Southwestern Medical Center and any other healthcare facility or provider that treated Dov Fischman. This Request includes complete, partial, incomplete records, or snapshots of any records.

RESPONSE: Plaintiff objects to wholesale production of Dov Fischman's medical records as overbroad and beyond the scope of Rule 26(b)(1). Discovery should be limited to medical information relevant and proportional to the claims and defenses in this Action, including the alleged operation and effect of Epic's EHR system. Plaintiff further objects to disclosure of sensitive medical information without appropriate protection under Rule 26(c). Responsive documents, if any, are withheld under these objections.

REQUEST FOR PRODUCTION NO. 6: All Documents relating to the prescription, administration, dosing, monitoring, or discontinuation of Everolimus for Dov Fischman, including but not limited to prescriber notes, pharmacy records, laboratory results, consent forms, and treatment plans. This Request includes any medication adjustment orders that increased Dov Fischman's Everolimus dosage.

RESPONSE: Plaintiff objects that this Request broadly seeks discovery concerning medical treatment and prescribing decisions that are not themselves at issue in this Action. The relevant issue is whether Epic's EHR technology accurately captured, displayed, and supported management of the medication information necessary for Dov Fischman's care, not whether a healthcare provider made an independent medical decision concerning Everolimus. Responsive documents, if any, are withheld under this objection.

REQUEST FOR PRODUCTION NO. 7: All Documents relating to Dov Fischman's heart transplant, including records of pre- and post-transplant care, immunosuppressive therapy protocols, and any medication management plans.

RESPONSE: Plaintiff objects that this Request seeks Dov Fischman's medical history without limiting the demand to information relevant to the alleged deficiencies in Epic's EHR system. Plaintiff's claims against Epic do not place Dov Fischman's entire transplant history or the independent medical judgment of his providers at issue. Responsive documents, if any, are withheld under this objection.

REQUEST FOR PRODUCTION NO. 8: All Documents relating to the cause of death of Dov Fischman, including but not limited to death certificates, autopsy reports, medical examiner reports, and any expert or physician opinions regarding cause of death.

RESPONSE: Plaintiff objects that this Request is overbroad to the extent it seeks unrestricted discovery concerning competing medical explanations for Dov Fischman's death rather than evidence relevant to causation as alleged against Epic. The Court has already held at the pleading stage that Plaintiff plausibly alleged Epic's EHR deficiencies were a but-for cause and substantial factor in Dov Fischman's death even assuming treating physicians' independent judgment played a role in the causal chain. Plaintiff further objects to disclosure of sensitive medical information beyond the scope permitted by Rule 26(b)(1). Responsive documents, if any, are withheld under these objections.

REQUEST FOR PRODUCTION NO. 9: All Documents relating to any complications, adverse events, infections, sepsis, post-transplant lymphoproliferative disorder ("PTLD"), lymphoma, or immunosuppression-related conditions experienced by Dov Fischman.

RESPONSE: Plaintiff objects that this Request seeks an unrestricted body of medical information concerning Dov Fischman's underlying conditions and complications rather than information tied to the alleged deficiencies in Epic's EHR technology. This Action does not place every medical condition experienced by Dov Fischman at issue. Responsive documents, if any, are withheld under this objection.

REQUEST FOR PRODUCTION NO. 10: All Documents relating to Your allegation that Epic's EHR platform "prevented the existence of accurate medication information necessary to identify and correct the condition" that allegedly caused Dov Fischman's death (SAC ¶ 62), including any identification of what specific information the EHR failed to display, and what action would have been taken with different information.

RESPONSE: Plaintiff objects that this Request prematurely seeks developed technical and causation contentions dependent on discovery Epic has withheld. The information Epic's EHR captured, displayed, omitted, or failed to make available is a central subject of technical discovery. Plaintiff should not be required to establish those contentions before receiving the predicate technical information within Epic's possession. Further response is deferred pending appropriate sequencing of discovery.

REQUEST FOR PRODUCTION NO. 11: All Documents identifying or relating to any specific clinician, physician, or healthcare provider who You allege was misled, misinformed, or unable to act due to an alleged deficiency in Epic's EHR system in connection with Dov Fischman's care.

RESPONSE: Plaintiff objects to this Request to the extent it attempts to shift the focus from the alleged deficiencies in Epic's technology to the independent conduct or fault of individual healthcare providers. Plaintiff's allegations concerning the effect of Epic's EHR system are

product protection under Rule 26(b)(3). Responsive protected materials are withheld under these objections.

REQUEST FOR PRODUCTION NO. 22: All Documents reflecting Your access to, use of, or interaction with Epic's MyChart platform or any other Epic EHR application in connection with Dov Fischman's care, including screenshots, printouts, portal messages, and appointment records.

RESPONSE: Plaintiff objects to unrestricted production of private patient-portal information. Plaintiff's access to MyChart does not place the entirety of Dov Fischman's portal contents or Plaintiff's account information at issue. Discovery must be limited to information relevant to the alleged deficiencies in Epic's technology and subject to appropriate protection under Rule 26(c). Plaintiff will not provide account credentials or unrelated portal material. Responsive documents, if any, are withheld under these objections.

REQUEST FOR PRODUCTION NO. 23: All Documents and Communications between You and UT Southwestern Medical Center (or any other healthcare institution) regarding the configuration, functionality, or alleged limitations of any electronic health record system used in Dov Fischman's care.

RESPONSE: Plaintiff objects that this Request is overbroad to the extent it encompasses communications concerning any EHR system or matters unrelated to the alleged deficiencies in Epic's technology. The configuration, functionality, and limitations of Epic's system are principally matters of technical discovery from Epic and the institutions that configured and operated the system. Responsive documents, if any, are withheld under these objections.

REQUEST FOR PRODUCTION NO. 34: All Documents relating to Your contention that Everolimus was prescribed "off-label" and is "not approved for use in heart transplant patients" (SAC ¶ 55), including any Documents identifying who prescribed Everolimus to Dov Fischman, when it was prescribed, and what information was provided to Dov Fischman or his Family Member regarding risks.

RESPONSE: Plaintiff objects that this Request seeks discovery concerning prescribing decisions, informed consent, and pharmaceutical risks that are not the claims asserted against Epic. The allegation provides factual context for the information Epic's EHR allegedly was required to capture, display, and support; it does not place the independent medical judgment of the prescribing provider at issue in this Action. Responsive documents, if any, are withheld under this objection.

REQUEST FOR PRODUCTION NO. 35: All Documents and Communications between You and any governmental agency, regulatory body, or elected official regarding the care of Dov Fischman, UTSW, Novartis, BCH, Epic, or the events giving rise to This Action, including any complaints, reports, correspondence, and public record requests, and all Documents received in response to any such request.

RESPONSE: Plaintiff objects that this Request sweeps across unrelated entities, proceedings, complaints, and governmental communications without limiting the demand to matters relevant to a claim or defense in this Action. Publicly available governmental records are equally available to Epic. To the extent the Request reaches Plaintiff's litigation preparation, research, or

strategy, Plaintiff asserts work-product protection under Rule 26(b)(3). Responsive protected materials are withheld under these objections.

REQUEST FOR PRODUCTION NO. 38: All communications between You and Family Members or friends, including Ilana Fischman or Marc Fischman, regarding Dov Fischman's medical care, death, and this Action or any other action or proposed/potential action relation to the death of Dov Fischman.

RESPONSE: Plaintiff objects that this Request indiscriminately seeks private family communications concerning Dov Fischman's medical care, death, and actual or contemplated litigation without a claim-specific limitation. To the extent responsive communications were prepared in anticipation of litigation and reflect Plaintiff's research, analysis, mental impressions, or strategy, Plaintiff asserts work-product protection under Rule 26(b)(3). Responsive protected materials, if any, are withheld under these objections.

REQUEST FOR PRODUCTION NO. 39: Documents sufficient to show any non-economic damages You have suffered arising from the death of Dov Fischman, including Your medical records, mental health treatment records, and communications with any medical professionals or therapists.

RESPONSE: Plaintiff strongly objects to this Request. Epic seeks access to Plaintiff's private medical and mental-health records, including confidential communications with mental-health professionals, merely because Plaintiff seeks noneconomic damages arising from the death of her father. The psychotherapist-patient privilege recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996), protects confidential communications made in the course of psychotherapy. A claim for ordinary mental anguish or emotional distress does not, without more, place Plaintiff's mental-health history at issue or constitute a blanket waiver of that privilege. See *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 474–76 (N.D. Tex. 2005). Plaintiff does not consent to Epic using a claim for ordinary noneconomic damages as a basis to investigate her private medical or mental-health history. Plaintiff asserts the psychotherapist-patient privilege and further objects under Rules 26(b)(1) and 26(c). Privileged and otherwise protected materials are withheld.

REQUEST FOR PRODUCTION NO. 47: All Communications with UTSW, including clinical staff, related to the care of Dov Fischman.

RESPONSE: Plaintiff objects that this Request seeks every communication with UTSW concerning Dov Fischman's care without limiting the demand to information relevant to the alleged deficiencies in Epic's technology. Plaintiff's claims against Epic do not place every aspect of Dov Fischman's medical treatment or every communication with his providers at issue. Responsive documents, if any, are withheld under this objection.

REQUEST FOR PRODUCTION NO. 49: All Communications between You and Novartis, including Novartis's counsel, relating to Dov Fischman, the medical treatment or care of Dov Fischman, Everolimus, or the events giving rise to This Action.

RESPONSE: Plaintiff objects that this Request seeks communications arising from separate litigation against Novartis concerning pharmaceutical conduct and medical treatment that are not the claims asserted against Epic. To the extent responsive materials reflect Plaintiff's litigation preparation, analysis, or strategy in separate litigation, Plaintiff asserts work-product protection under Rule 26(b)(3). Responsive protected materials are withheld under these objections.

REQUEST FOR PRODUCTION NO. 65: To the extent You allege or plan to allege that any financial billing codes relating to the care of Dov Fischman were overridden, produce Documents sufficient to show the alleged override.

RESPONSE: Plaintiff objects that this Request seeks premature technical contentions concerning system coding and override functionality dependent on discovery concerning Epic's technology and the underlying EHR data. Plaintiff should not be required to establish whether or how a system-level override occurred before receiving the predicate technical discovery. Further response is deferred pending appropriate sequencing.

REQUEST FOR PRODUCTION NO. 66: Documents sufficient to show that Hodgkin's Lymphoma and/or Post-Transplant Lymphoproliferative Disorder ("PTLD") was the primary diagnosis code for the final medical record or patient workflow for Dov Fischman.

RESPONSE: Plaintiff objects that this Request improperly asks Plaintiff to establish the contents and coding of the EHR system that is itself at issue. The diagnosis codes, workflow, and manner in which information was recorded and displayed should be established through the underlying EHR data and technical discovery from the entities possessing and controlling that information. Further response is deferred pending appropriate discovery.

REQUEST FOR PRODUCTION NO. 67: All Documents and Communications regarding Your February and April 2026 record extraction requests regarding Dov Fischman's medical records. This Request includes the February 2026 printout You obtained that allegedly do not include Dov Fischman's November and December 2025 clinical records, as well as the April 2026 printout You obtained of Dov Fishman's clinical records.

RESPONSE: Plaintiff objects to this Request to the extent it seeks Plaintiff's litigation preparation, analysis, or communications concerning record completeness rather than the underlying records themselves. Whether Epic-generated records were complete, consistent, and accurately rendered is an issue to be established through the records, audit information, and technical discovery concerning the systems at issue. To the extent responsive materials reflect Plaintiff's research, analysis, or litigation preparation, Plaintiff asserts work-product protection under Rule 26(b)(3). Responsive protected materials are withheld under these objections.

## VITAL RECORDS, BIRTH CERTIFICATES, PROBATE MATERIAL, AND FAMILY IDENTIFIERS

REQUEST FOR PRODUCTION NO. 1: Documents sufficient to show Your status as a wrongful-death beneficiary of Dov Fischman under Texas Civil Practice and Remedies Code § 71.004, including but not limited to birth certificates, adoption records, court orders, estate documents, probate filings, and any other Documents establishing Your relationship to Dov Fischman.

RESPONSE: Plaintiff objects that this Request seeks sensitive identifying information beyond what is necessary to establish beneficiary status. Any legitimate status issue can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 2: Documents sufficient to show any other individuals who may qualify as statutory wrongful-death beneficiaries of Dov Fischman, including his surviving spouse, parents, or other children.

RESPONSE: Plaintiff objects that this Request seeks sensitive identifying information beyond what is necessary to establish beneficiary status. Any legitimate status issue can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 3: Documents sufficient to show the name, address, and relationship of all Dov Fischman's living heirs or next of kin.

RESPONSE: Plaintiff objects that this Request seeks sensitive identifying information beyond what is necessary to establish beneficiary status. Any legitimate status issue can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 4: All Documents relating to the estate of Dov Fischman, including any probate proceedings, letters testamentary, letters of administration, wills, trusts, or estate-planning documents.

RESPONSE: Plaintiff objects that this Request seeks wholesale private estate material without tying it to a disputed issue. Any legitimate status issue can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

**FINANCIAL, DAMAGES, EMPLOYMENT, AND OTHER SENSITIVE PERSONAL RECORDS**

REQUEST FOR PRODUCTION NO. 27: All Documents relating to Your claimed damages in This Action, including but not limited to Documents supporting claims for loss of companionship, mental anguish, loss of inheritance, and pecuniary loss, as well as any calculation or estimate of the amount of damages You seek.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 28: All Documents relating to any financial support, gifts, or other economic benefits You received from Dov Fischman from January 1, 2020 to January 6, 2025.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 29: Documents sufficient to show the care, maintenance, support, services, advice, and counsel You received from Dov Fischman from January 1, 2020 to January 6, 2025.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 30: Documents sufficient to show any financial support, gifts, or other economic benefits You expected to receive from Dov Fischman after January 6, 2025 for the remainder of his or Your expected life, but for Dov Fischman's death.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 31: Documents sufficient to show the care, maintenance, support, services, advice, and counsel You expected to receive from Dov Fischman after January 6, 2025 for the remainder of his or Your expected life, but for Dov Fischman's death.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 32: Documents sufficient to show Your relationship with Dov Fischman, including the frequency, nature, and extent of Your contact and communications with him.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 41: All Documents concerning Your "professional experience in system architecture and integration, including work involving hospital data systems and enterprise platforms" as alleged in Your Response to Epic's Motion to Dismiss filed April 23, 2026 (ECF No. 15).

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 42: All Documents regarding Your experience as a "solution architect on API-based integrations with Epic systems[]" as alleged in Your Response to Epic's Motion to Dismiss filed April 23, 2026 (ECF No. 15).

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof.

Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 43: Documents sufficient to show Your work history, training, certifications, and performance reviews as they relate to your experience described in Requests 42 and 43.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 63: Documents sufficient to show Dov Fischman's education, employment, earnings, and earning capacity.

RESPONSE: Plaintiff objects that this Request seeks sensitive personal information beyond Rule 26(b)(1). Any relevant fact can be established by stipulation or appropriately redacted proof. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

**WHOLESALE RELATED-ACTION FILES, SETTLEMENTS, FUNDING, AND LITIGATION MATERIAL**

REQUEST FOR PRODUCTION NO. 15: All pleadings, motions, briefs, discovery requests and responses, orders, correspondence, documents produced, and filings in the Novartis Action, including all communications with Novartis and its counsel.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 16: All pleadings, motions, briefs, discovery requests and responses, orders, correspondence, documents produced, and filings in the BCH Action, including all communications with BCH and its counsel.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 17: All pleadings, motions, briefs, discovery requests and responses, orders, correspondence, documents produced, and filings in UTSW Action, including all communications with UTSW and its counsel.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 18: All Documents and Communications relating to any other lawsuit, administrative complaint, regulatory complaint, or legal proceeding initiated by You or on Your behalf concerning the medical treatment, care, or death of Dov Fischman.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 51: All Documents You reviewed, relied upon, or consulted in formulating the allegations in the complaints, pleadings, and other filings You made in the Novartis Action, the BCH Action, and the UTSW Action.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 54: All settlement agreements, releases, covenants not to sue, indemnity agreements, or other agreements resolving, compromising, or 14 limiting any claim relating to the death of Dov Fischman, including any such agreement with UTSW, Novartis, or BCH, or an insurer or indemnitor, and all Documents reflecting any payment made or received under any such agreement.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

REQUEST FOR PRODUCTION NO. 55: All agreements between You and any Person to fund, finance, or share in the proceeds of This Action or any Related Action.

RESPONSE: Plaintiff objects that this Request seeks wholesale separate-action material, including protected or confidential litigation matter, without the limits required by Rule 26(b)(1). Public material is equally available. Responsive documents, if any, are withheld under this objection and pending adequate protection. Plaintiff will supplement as required.

**PUBLIC STATEMENTS AND PRIVATE MEDIA COMMUNICATIONS**

REQUEST FOR PRODUCTION NO. 58: All public statements, social-media posts, comments, or messages made by You relating to Dov Fischman's medical treatment or death, Epic, UTSW, Novartis, BCH, This Action, or the Related Actions.

RESPONSE: Plaintiff objects that this Request improperly conflates public statements with private, nonpublic communications and is overbroad and disproportionate under Rule 26(b)(1). Public statements are equally available to Epic. Private communications that were never made public are not transformed into public statements merely because they were directed to a media organization. To the extent any such communications constitute protected litigation-preparation material, Plaintiff expressly preserves work-product protection under Rule 26(b)(3). Responsive private materials, if any, are withheld under these objections.

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing instrument was served by electronic mail on all counsel of record for Defendant Epic Systems Corporation, in accordance with the parties' Rule 26(f) agreement.

/s/ Gallit Fischman

Gallit Fischman, Plaintiff, Pro Se