IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-0770-D |
| | § | |
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Epic Systems Corporation ("Epic") moves for a protective order under Fed. R. Civ. P. 26(c), and plaintiff Gallit Fischman ("Fischman") moves for case management to resolve threshold issue affecting the scope of discovery. For the reasons that follow, the court grants Epic's motion for protective order and denies without prejudice as moot Fischman's motion for case management.

I

This is an action by Fischman, proceeding *pro se* against Epic, asserting claims arising from the alleged role of Epic's medical software in the death of her father. Fischman has served extensive discovery requests that seek, among other things, the software's design, development, and implementation. Epic now moves for a protective order, contending that documents responsive to these requests contain confidential information and trade secrets.

In sum, Epic's proposed protective order[1] describes the process by which confidential information and protected health information ("PHI") will be disseminated and protected. It also outlines requirements for the entry of confidential information into artificial intelligence ("AI") tools. The proposed order does not, however, affect the scope of discovery or otherwise prevent the production of responsive documents.

In response to Epic's motion, Fischman initially agreed to the entry of some form of a protective order. She now posits, however, that her "preferred course is for discovery to proceed . . . without a separate protective order." P. Surreply (ECF No. 54) at 7. The court therefore deems Epic's motion to be opposed. It is deciding the motion on the briefs, without oral argument.

## II

The court turns first to Epic's motion for protective order under Rule 26(c).

### A

Rule 26(c) provides, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" "'Good cause' exists when justice requires the protection" that the movant seeks. *Staton Holdings, Inc. v. Russell Athletic, Inc.*, 2010 WL 1372479, at *2 (N.D. Tex.

[1] Throughout the briefing of Epic's motion, Epic has revised its proposed protective order in response to Fischman's expressed concerns. The form of protective order that the court is considering entering is the one attached to Epic's additional reply brief at ECF No. 56-2.

Apr. 7, 2010) (Fitzwater, C.J.) (quoting *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003)).

"[T]he burden is upon [Epic] to show the necessity of [a protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (per curiam) (internal quotation marks omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The court has "broad discretion in determining whether to grant a motion for protective order" because it "'is in the best position to weigh fairly the competing needs and interests of parties affected by discovery.'" *Ford Motor Co. v. Versata Software, Inc.*, 316 F.Supp.3d 925, 935 (N.D. Tex. 2017) (Horan, J.) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

B

Epic has shown good cause to enter a protective order. In support of its motion, Epic offers the declaration of Brett Rehm ("Rehm"), Epic's Senior Vice President of Technical Services. Rehm avers, in pertinent part:

> Plaintiff's discovery requests seek . . . Epic's confidential information . . . including, but not limited to, descriptions of Epic's proprietary software functionality, Epic's and its software's technical capabilities and performance characteristics, Epic's current and future development plans for its software, Epic's business methodologies, Epic's support and service response time commitments, and Epic's delivery implementations methods.

D. App. (ECF No. 41) at 29.[2]

According to Rehm, the information that Fischman seeks "contain[s] years, if not decades, of hard-gained, proprietary, and highly sensitive technical, business, and industry knowledge[.]" *Id.* at 30. If this material were disclosed to the public, it "would place Epic at a competitive disadvantage." *Id.* at 31. There is therefore "inherent value" in "maintaining the secrecy" of this information. *Id.* And apart from the present litigation, "Epic takes diligent efforts to maintain the secrecy of its trade secrets and commercial information[,]" including by instructing employees "not to input information or documentation about Epic's software or business practices into an unapproved AI or LLM tools[.]" *Id.* at 31-32.

The court finds that Epic has made a "particular and specific demonstration of fact[,]" showing "good cause" for the entry of a protective order that requires that Epic's "trade secret[s] or other confidential . . . information . . . be revealed only in a specified way[.]" Rule 26(c); *Taylor v. Rothstein Kass & Co.*, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (Fitzwater, J.) (quoting *In re Terra*, 134 F.3d at 306). Fischman is seeking information

---

[2]The references in Epic's brief are sufficient to substantiate Rehm's assertion that Fischman is seeking confidential material. Fischman requests, *inter alia*, "the platform's data model[,]" "the boundary between Epic's vendor-controlled or hardcoded elements and customer-configurable ones[,]" "the internal logic by which the software . . . displays medications, and routes and activates orders[,]" "the design of Epic's clinical-decision-support and patient-safety features[,]" "Epic's internal records of known incidents and defects[,]" and the "commercial terms of Epic's agreements with UT Southwestern[.]" D. Br. (ECF No. 40) at 3. And Fischman does not dispute that her discovery requests seek confidential information.

concerning the proprietary core of Epic's business. Accordingly, Epic has demonstrated that some form of protective order is warranted under Rule 26(c).

III

The court now considers whether it should enter the specific form of protective order that Epic proposes, and to which Fischman objects.[3]

A

Epic's proposed protective order has five key features:

(1) it allows either party to designate material as confidential or highly confidential;

(2) it limits the dissemination of designated material and requires that highly confidential information be stored and protected in a certain manner;

(3) it provides a mechanism for the parties to resolve disputes before seeking relief from the court;

(4) it creates a procedure for the disclosure and use of PHI; and

(5) it prevents the input of confidential and highly confidential information into an AI tool unless that tool is "contractually prohibited from . . . storing or using the inputs to train or improve any model" and prohibited from "disclosing the inputs to any third party[.]" D. Reply App. (ECF No. 56-2) at 17.

[3]The court only needs to address the objections and requests that Epic's voluntary modifications leave unaddressed.

The proposed protective order contains no provisions that limit the scope of discovery and instead clarifies that the "designation[s] shall not be . . . used to deny any pro se Party access to Discovery Material." *Id.* at 3. And as to the AI restrictions, the proposed protective order also provides that it "shall not be construed to limit [the] use of artificial intelligence for legal research, drafting, organization, or other litigation tasks that do not entail the input of Protected Material." *Id.* at 17.

B

The court finds that Epic has established that its proposed protective order is an appropriate means of protecting its confidential information, considering the "needs and interests of [the] parties affected by discovery." *Ford*, 316 F.Supp.3d at 935 (quoting *Seattle Times*, 467 U.S. at 36). The proposed protective order only concerns the protection and dissemination of information, as opposed to the scope of discovery. And the restrictions that *are* in place concern a narrow body of information and are tailored to prevent public disclosure.[4] Thus the proposed protective order's consequences and burdens are slight when compared to the need to protect Epic's information. *See supra* § II(B).

As to the provisions restricting the use of AI, Epic maintains that the entry of information into generic AI tools is "effectively irreversible" because these models

---

[4]Neither confidential information nor highly confidential information can be disseminated to persons other than "Counsel . . . Receiving Party, if Pro Se . . . Experts . . . Court . . . Professional Vendors . . . Author/Prior Recepient . . . Designating Party's Employees . . . Others by Agreement . . . [or] Others by Court Order . . ." D. Reply App. (ECF No. 56-2) at 9-12. And Highly Confidential information is subject to certain "handling requirements[,]" including storage in a secure location. *Id.* at 9-10.

"commonly retain the text and files that users submit and use those submissions to train and improve the . . . models." D. Br. (ECF No. 40) at 4. Epic also cites ample authorities that show that courts across the country impose protective orders tailored to address the problems that modern AI tools pose. *See, e.g.*, *Morgan v. V2X, Inc.*, 2026 WL 864223, at *7 (D. Colo. Mar. 30, 2026) (imposing nearly the same restriction at issue here). Given Fischman's acknowledged use of AI in this litigation, *see* P. Resp. (ECF No. 43) at 1, the court finds that there is good cause to impose Epic's proposed AI restrictions in the protective order.

C

The court now addresses Fischman's requests and objections to the proposed order.[5]

Fischman first requests that the proposed protective order contain an "affirmative

[5]The court does not address objections that appear to request relief that is separate from the proposed protective order. For example, Fischman asks the court to "direct Epic to submit the confidentiality agreements . . . governing" various software systems that Epic has created in order to determine whether confidentiality requirements are necessary. P. Resp. (ECF No. 43) at 4. The court need not examine these agreements to find that Epic meets Rule 26(c)'s good cause requirement.

In her briefing, Fischman also addresses issues with the discovery process generally, i.e., that Epic is seeking her "unrelated personal information" and that Epic might fail to disclose "otherwise discoverable material" in the future. *Id.* at 7-8. None of this is relevant to the present motion, and the court does not address it.

Fischman also requests that documents accessible through UserWeb (an Epic software feature) should be treated differently from other confidential information. *Id.* at 3-4. The nature of this request is unclear to the court and is an issue best left to the parties to attempt to resolve in the first instance.

Finally, Fischman asks the court to set new discovery deadlines after it rules on Epic's motion because this "protective-order dispute has consumed disproportionate party and judicial resources and has become unnecessarily complicated." P. Surreply (ECF No. 54) at 6. Although Epic does not oppose this request, the court declines to enter such an order unless the parties are in disagreement and seek court relief.

Non-Confidential classification or sufficiently objective distinction between the protected levels[.]" P. Resp. (ECF No. 43) at 3. She maintains that "Protection effectively becomes the default" under the current language. *Id.* The court disagrees. Under the proposed protective order, all non-designated materials are indeed non-confidential. Fischman's request is therefore denied.

Fischman next requests that material designated confidential or highly confidential contain a "brief contemporaneous basis for the designation, with a categorical explanation permitted for documents sharing the same basis." *Id.* at 4. The court denies this request because Fischman has failed to establish sufficient grounds to impose such an undue burden. Under the proposed protective order, Fischman can first contest any designation with Epic and, if the issue remains unresolved, seek court relief. *See* D. Reply App. (ECF No. 56-2) at 6. Fischman's request is, accordingly, denied.

Fischman also asks that the proposed protective order clearly "state what a Receiving Party may do, what is prohibited, and what constitutes compliance" after receiving confidential information. P. Resp. (ECF No. 43) at 5. The court finds that the proposed order is sufficiently detailed to put Fischman on notice of what is required for compliance. *See* D. Reply App. (ECF No. 56-2) at 7-17. Her request is therefore denied.

Finally, Fischman requests "express language providing that Epic would not bring a separate trade-secret action arising from Plaintiff's handling of discovery." P. Resp. (ECF No. 43) at 5. She cites no authority that shows that Epic is required to agree to such a prohibition, or that the failure to impose such a provision would be an abuse of the court's

discretion. Fischman's request is denied.[6]

As to objections, Fischman vaguely objects to the proposed order's AI provisions. She maintains that the provisions "exceed what is necessary to protect confidential information[,]" but does not sufficiently explain how the provisions are overly broad. P. Surreply (ECF No. 54) at 4. Indeed, the proposed protective order is nearly identical to what other federal courts have approved. *Compare* D. Reply App. (ECF No. 56-2) at 17 *with Morgan*, 2026 WL 864223, at *7. And Fischman represents that she "has obtained AI tools intended to satisfy Epic's stated security requirements." P. Resp. (ECF No. 43) at 2. Fischman's objection is overruled.

IV

The court now turns to Fischman's motion for case management to resolve threshold issue affecting the scope of discovery.

This motion seeks to resolve a "threshold case-management matter" concerning *who* implemented the Epic software at the hospital in question. P. Br. (ECF No. 42) at 1. Although Epic contends that this motion is actually a motion to compel, it "has agreed that Plaintiff will get a substantive response . . . after a protective order is entered." D. Resp. (ECF No. 45) at 15. Because the court is now entering such a protective order, it denies Fischman's motion without prejudice as moot.

---

[6]Similarly, Fischman requests that the proposed protective order allow "notice and a reasonable opportunity to cure" inadvertent disclosure errors. P. Resp. (ECF No. 43) at 5. For the same reasons, the court denies this request.

* * *

For the reasons explained, the court grants Epic's motion for protective order and denies without prejudice as moot Fischman's motion for case management.

**SO ORDERED**.

October 23, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE