**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GALLIT FISCHMAN,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **Case No. 3:26-CV-0770-D** |
| | § | |
| **EPIC SYSTEMS CORPORATION,** | § | |
| | § | |
| ***Defendant.*** | § | |

# PROTECTIVE ORDER

It is hereby ordered as follows concerning confidentiality in this Action:

This Protective Order governs only the handling, use, disclosure, and protection of information produced or disclosed in discovery. Unless this order includes a clause that explicitly states that a particular local civil rule is modified as applied to this case, nothing in this order shall be construed to modify the provisions, operation, or effect of any local civil rule of this court. Notwithstanding any other clause to the contrary, this order cannot be modified except by court order.

Plaintiff Gallit Fischman and Defendant Epic Systems Corporation (referred to herein individually as a "Party" or collectively as "Parties") must not unreasonably file under seal pleadings, motions, or other papers that do not qualify under this protective order for filing under seal. For example, if a party files a 50-page appendix entirely under seal when only a small percentage of the pages qualify under this protective order for filing under seal, the party has probably unreasonably filed the entire appendix under seal. Instead, the parties must attempt to file unsealed as much of a pleading, motion, or other paper as they reasonably can without undermining the protections conferred by this protective order.

**Scope and Applicability**

1. The Parties and any Non-Parties that disclose or produce information in connection with this Action may produce or disclose certain confidential information subject to the terms of this Protective Order. This Protective Order is applicable to the Parties, any additional parties joined in this Action, and any Non-Parties subject to this Protective Order and/or otherwise agreeing to be bound by this Protective Order. The protections conferred by this Protective Order cover not only Discovery Material (as defined below), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or their Counsel in settings that might reveal Protected Material.

**Definitions**

2. Confidential Information: a Designating Party may, subject to the provisions of this Protective Order, designate as "CONFIDENTIAL" any Discovery Material that the Designating Party determines, in good faith, contains, reflects, or could reveal: (a) proprietary or confidential business information, non-public personal, client, or customer information concerning non-party individuals or other entities; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal, state, and/or other applicable laws and regulations; (c) Protected Health Information; (d) sensitive personally identifiable information (*e.g.*, social security numbers); or (e) information deemed or required to be kept confidential by contract with a non-party.

3. Counsel (without qualifier): Outside Counsel and In-House Counsel.

4. Designating Party: any Party or Non-Party that designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5. Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded

or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

6. Expert: a person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, along with his or her employees and support personnel, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

7. Highly Confidential Information: a Designating Party may, subject to the provisions of this Protective Order, designate as "HIGHLY CONFIDENTIAL" any Discovery Material that the Designating Party determines, in good faith, contains, reflects, or could reveal: (a) trade secrets or other highly competitive or commercially sensitive proprietary and non-public information that, if disclosed, would likely result in competitive or commercial harm to the Producing Party; or (b) material that a Producing Party reasonably determines in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Information. The HIGHLY CONFIDENTIAL designation shall not be construed as an attorneys'-eyes-only designation and shall not be used to deny any pro se Party access to Discovery Material.

8. In-House Counsel: attorneys or other personnel employed by a Party to perform legal functions, along with their paralegals and other support personnel assisting them with this Action.

9. Non-Party: any natural person or entity that is not a named party to this Action.

10. Outside Counsel: attorneys that work for a law firm that is counsel of record in this Action, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

11. Party: any party to this Action, including all of its officers, directors, and employees.

12. Producing Party: any Party or Non-Party that produces Discovery Material in this Action as to the Discovery Material it has produced.

13. Professional Vendors: persons or entities who are not employees of a Party or Counsel but are retained to provide litigation support services (*e.g.*, photocopying, data processing, graphic production, e-discovery, IT support services, professional jury or trial consultants, videotaping, translating, preparing exhibits or demonstratives, and organizing, storing, or retrieving documents or data in any form or medium and their employees and subcontractors) and who have signed the "Agreement to Be Bound By Protective Order" (Exhibit A).

14. Protected Material: any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

15. Receiving Party: any Party that receives Discovery Material from a Producing Party.

**Designation of Discovery Material**

16. Any Discovery Material may be designated as Protected Material by marking it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." All Protected Material must remain accessible to the named Parties, subject to the safeguards set forth in this Order.

17. For documents and electronically stored information, such designation shall be made when copies are furnished to a Party conducting discovery or when such documents are otherwise disclosed by a Producing Party. For testimony or hearing transcripts, such designation shall be made pursuant to the Designation of Testimony section below. Any such designation that is inadvertently omitted during production may be corrected by the Producing Party reasonably promptly upon discovery of the omission by written notification from the Producing Party to all counsel of record along with a copy of the properly endorsed documents or electronically stored information. When the corrected copy is received, the Receiving Party must immediately destroy or return the original documents or electronically stored information and notify the Producing Party of completion within

fourteen (14) days of receiving the replacement copy. A corrected designation shall not, without more, create liability or constitute a violation based on any use or disclosure that occurred before the receiving party received notice of the corrected designation. At the reasonable request of a Receiving Party with respect to particular material, documents, items, or communications, and to the extent it is reasonably practical to do so, the Producing Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Producing Party must promptly notify all other Parties (via their counsel of record) that it is withdrawing the mistaken designation.

18. No Party or Non-Party may withhold Discovery Material from a pro se Party on the ground that the material is available only to counsel, except for information withheld on the basis of attorney-client, work product, or other applicable privilege.

**Designation of Testimony**

19. The Producing Parties may designate testimony at a deposition or hearing as Protected Material by indicating on the record at the deposition or hearing that the testimony is so designated and subject to the terms of this Protective Order or, alternatively, any Producing Party has a right to have up to twenty-one (21) days after the transcript becomes available to identify the testimony (by specific page and line) as to which protection is sought and specify the level of protection being asserted. If designated during the deposition or hearing, the court reporter shall stamp the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," and access thereto shall be limited as provided herein. Following any deposition or hearing, all Parties agree to treat the entire transcript as "HIGHLY CONFIDENTIAL," unless it was designated as "CONFIDENTIAL" during the

deposition or hearing (in which case it will remain "CONFIDENTIAL") until the 21-day window for designation following receipt of the transcript has passed and no Party has designated it as "HIGHLY CONFIDENTIAL." The use of a document as an exhibit at a deposition or hearing shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Documents or information designated as Protected Material may be used or disclosed in a deposition or hearing and marked as exhibits consistent with the terms set forth herein.

**Challenging Confidentiality Designations**

20. Nothing in this Protective Order shall constitute a waiver of any Party's right to object to the designation or non-designation of a particular document as Protected Material.

21. In the event that a Party disagrees with a Producing Party's designation of any particular document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the objecting Party shall advise counsel for the Producing Party, in writing, of the objection and identify the particular document or item with sufficient specificity to permit identification. Within ten (10) business days of receiving the objection, the Producing Party shall advise whether it will change the designation of the document or item. If the parties cannot resolve a challenge after meeting and conferring, the objecting Party may file a motion with the Court challenging the designation. Each such motion must be accompanied by a competent declaration (consistent with local rule requirements) that affirms the objecting Party has made reasonable efforts to comply with the meet and confer requirements of this procedure, where applicable. The protection afforded by this Protective Order shall continue until the Court makes a decision on the motion. For the avoidance of doubt, no Protected Material will be filed in the public record prior to such a determination by the Court.

## Use of Protected Material

22. Notwithstanding anything to the contrary herein, Protected Material shall be produced and may be used solely for purposes of this Action. This paragraph does not restrict information already lawfully possessed by the Receiving Party, information that becomes public through no violation of law or this Order, information de-designated by agreement or Court order, or information whose disclosure is required by law or further order of a court of competent jurisdiction (subject to the notice requirements in the Legal Process section below). Any request to close proceedings or seal trial evidence shall be requested in accordance with local rules. Notwithstanding any other provision of this Order, a natural person who is a named Party and is proceeding pro se may review all Discovery Material produced in the Action, including material designated "HIGHLY CONFIDENTIAL," subject to the applicable handling and nondisclosure requirements of this Order.

## Disclosure of Protected Material

23. **Disclosure of CONFIDENTIAL Information.** Other than upon the prior written consent of the Designating Party or order of the Court, a Receiving Party may only disclose, summarize, describe, characterize or otherwise communicate or make available material designated "CONFIDENTIAL" to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

a. Receiving Party's Counsel: The Receiving Party's Outside and In-House Counsel.

b. Receiving Party: The Receiving Party, including the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with this Action or are assisting Counsel in the prosecution or defense of this Action, and who have been advised of their obligations hereunder. This

includes a Receiving Party who is a natural person and who is proceeding pro se in this Action.

c. <u>Experts:</u> Experts (as defined in this Protective Order) of the Receiving Party in this Action, provided that, before access is given, any such Expert has signed the "Agreement to Be Bound By Protective Order" (Exhibit A) and the same is served upon the Producing Party with a current curriculum vitae of the Expert, which shall contain a list of all cases in which the Expert testified as an expert at trial or by deposition within the past four (4) years, at least ten (10) days before access to the Protected Material is to be given to that Expert. Upon receipt of such disclosure, the Producing Party may within seven (7) business days object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert, and such parties will promptly confer and use good faith efforts to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may promptly file a motion with the Court within thirty (30) days after receiving the notice of objection or the conclusion of the good faith meet and confer to resolve the objection, whichever is later, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving that disclosure should be prohibited. No disclosure shall occur until all such objections are resolved by agreement or Court order. This paragraph is not intended to address objections to expert qualifications and/or relevancy or reliability of expert opinions.

d. <u>Court:</u> The Court presiding over this Action and its support personnel.

e. Professional Vendors: Court reporters, videographers, and their respective staff, and Professional Vendors employed in connection with this Action.

f. Author/Prior Recipient: The author, addressee, or copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Protective Order or any other obligation of confidentiality.

g. Designating Party's Employees: Any current employee of the Designating Party.

h. Others by Agreement: Any other person agreed to by the Designating Party in writing.

i. Others by Court Order: Any other person to whom the Court compels disclosure of the Protected Material or to whom disclosure is required by law, subject to the requirements of the "Legal Process" section below.

24. **Disclosure of HIGHLY CONFIDENTIAL Information.** Other than upon the prior written consent of the Designating Party or order of the Court, a Receiving Party may only disclose, summarize, describe, characterize or otherwise communicate or make available material designated "HIGHLY CONFIDENTIAL" to the following persons and only to the extent reasonably necessary to prosecute and defend this Action:

a. Receiving Party's Counsel: the Receiving Party's Outside Counsel and one In-House Counsel of the Receiving Party who is not regularly involved in competitive decision-making for the Receiving Party, and to whom disclosure is reasonably necessary because he or she has responsibility for making decisions dealing directly with this Action. Any material designated "HIGHLY CONFIDENTIAL" received by a Receiving Party's Counsel shall be subject

to the following handling requirements: (i) the material shall remain in the Receiving Party's Counsel's sole possession, custody, and control (with the understanding that the Receiving Party's Counsel may provide such information to other persons authorized by this section, such as professional service vendors), and shall be stored in a secure location or, if in electronic form, on a password-protected device or account under the Receiving Party's Counsel's control or management; (ii) the material shall not be copied, photographed, or otherwise reproduced except as reasonably necessary to prosecute or defend this Action, and any copies shall be marked and protected as the original; (iii) the material shall not be shown, transmitted, or otherwise disclosed to any person not authorized by this section to receive it; and (iv) the material shall remain subject to all other provisions of this Protective Order, including the provisions governing the use of Protected Material with artificial-intelligence platforms and the provisions governing the return or destruction of Protected Material at the conclusion of this Action.

b. <u>Receiving Party, if Pro Se:</u> A Party who is a natural person and who is proceeding pro se in this Action. Any material designated "HIGHLY CONFIDENTIAL" received by a pro se Party shall be subject to the following handling requirements: (i) the material shall remain in the pro se Party's sole possession, custody, and control (with the understanding that a pro se Party may provide such information to other persons authorized by this section, such as professional service vendors), and shall be stored in a secure location or, if in electronic form, on a password-protected device or account under the pro se Party's exclusive control; (ii) the material shall not be copied,

photographed, or otherwise reproduced except as reasonably necessary to prosecute or defend this Action, and any copies shall be marked and protected as the original; (iii) the material shall not be shown, transmitted, or otherwise disclosed to any person not authorized by this section to receive it; and (iv) the material shall remain subject to all other provisions of this Protective Order, including the provisions governing the use of Protected Material with artificial-intelligence platforms and the provisions governing the return or destruction of Protected Material at the conclusion of this Action.

c. Experts: Experts (as defined in this Protective Order) of the Receiving Party in this Action, provided that, before access is given, any such Expert has signed the "Agreement to Be Bound By Protective Order" (Exhibit A) and the same is served upon the Producing Party with a current curriculum vitae of the Expert, which shall contain a list of all cases in which the Expert testified as an expert at trial or by deposition within the past four (4) years, at least ten (10) days before access to the Protected Material is to be given to that Expert. Upon receipt of such disclosure, the Producing Party may within seven (7) business days object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the Expert. The Parties agree to promptly confer and use good faith efforts to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may promptly file a motion with the Court within thirty (30) days after receiving the notice of objection or the conclusion of the good faith meet and confer to resolve the objection, whichever is later, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The

objecting Party shall have the burden of proving that disclosure should be prohibited. No disclosure shall occur until all such objections are resolved by agreement or Court order. This paragraph is not intended to address objections to expert qualifications and/or relevancy or reliability of expert opinions.

d. Court: The Court presiding over this Action and its support personnel.

e. Professional Vendors: Court reporters, videographers, and their respective staff, and Professional Vendors employed in connection with this Action.

f. Author/Prior Recipient: The author, addressee, or copy recipient (including "bcc" recipient) of the document, or any other person who otherwise is shown to have previously received a copy of the document not in violation of this Protective Order or any other obligation of confidentiality.

g. Designating Party's Employees: Any current employee of the Designating Party.

h. Others by Agreement: Any other person agreed to by the Designating Party in writing.

i. Others by Court Order: Any other person to whom the Court compels disclosure of the Protected Material or to whom disclosure is required by law, subject to the requirements of the "Legal Process" section below.

**Production and Use of Protected Health Information**

25. The following provisions shall apply to the production, disclosure, transmission, storage, and use of any Protected Health Information ("PHI"), which shall have the same scope and definition as set forth in 45 C.F.R. § 160.103, and includes, but is not limited to, health information, including demographic information, relating to either: (a) the past, present, or future physical or

mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

a. In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), specifically, 45 C.F.R. § 164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), this Protective Order is a HIPAA qualified protective order, as that term is defined at § 164.512(e)(1)(v). In addition to the foregoing federal laws and regulations, this Protective Order is entered to facilitate compliance with applicable state laws and regulations governing patient privacy and protecting healthcare information.

b. All Covered Entities who receive or have already received in this Action a discovery request are hereby authorized to disclose PHI to the extent necessary to comply with such a discovery request and may not withhold otherwise discoverable information based on HIPAA or the existence of PHI, provided, however, that nothing in this Protective Order shall require any Covered Entity (or Party) to produce PHI (*i.e.*, nothing in this Protective Order shall affect other objections to such a discovery request, such as those unrelated to HIPAA). Authorized uses include disclosure to the Court and support staff, the Parties and the Parties' employees, their Counsel, the Counsel's firms (*i.e.*, attorneys and support staff), the Parties' experts, consultants, mediators, court reporters, videographers, copy services, and e-discovery vendors. Covered Entities may disclose PHI pursuant to this Protective Order to any Party in this Action or to any Party's Counsel without violating the provisions of

HIPAA. Nothing in this paragraph subjects any non-party to discovery, waives or limits any immunity or objection other than one based on HIPAA, or requires any person to produce PHI.

c. The Parties shall at all times use reasonable and appropriate physical, technical, and administrative safeguards to protect the privacy, security, integrity, and confidentiality of any PHI disclosed or received in connection with this Action.

d. The Parties may not object to search terms designed to capture potentially relevant documents or information on the basis that the documents or information sought contain PHI protected by HIPAA.

e. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the Parties and their Counsel shall be allowed to use or disclose PHI for this Action, and any appeals, settlement, enforcement, or monitoring that may result. The Parties and their Counsel seeking the PHI may not use such PHI for any other purpose.

f. A Party producing documents of Covered Entities that contain PHI shall first stamp each document containing PHI with the following stamp: "PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER." Such stamp shall be in addition to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend affixed to such documents pursuant to the above sections, as appropriate. If a document marked "PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER" does not also bear a separate confidentiality marking, it shall be treated as though it is also marked "CONFIDENTIAL" if it contains identifiable PHI.

g. Any Party may discuss PHI covered by this Protective Order at a deposition. The Party must request that this portion of the testimony be marked as "PROTECTED HEALTH INFORMATION SUBJECT TO PROTECTIVE ORDER" in the deposition transcript. Any Party must comply with the redaction and de-identification requirements of this Protective Order, as referenced in the following paragraph, before filing a deposition or portion of a deposition containing PHI with the Court.

h. If a Party wishes to file a document containing PHI with the Court, it must be filed under seal, following the appropriate procedures to do so in the applicable court. However, any Party may publicly file a pleading or document with the Court that describes, summarizes, or quotes PHI, as long as that Party redacts the name and date of birth (and any other identifying information) of the individual to whom the PHI pertains or the individual's relatives, employers, or household members, and also complies with the de-identification requirements of 45 C.F.R. § 164.514(b)(2), and simultaneously files an un-redacted version under seal, and provides a copy of the un-redacted version to the other Parties. Similarly, any Party may publicly file a document containing deidentified information relating to an individual (such as a medical record), as long as that Party redacts the name and date of birth of the individual to whom the information pertains or the individual's relatives, employers, or household members, and also complies with the de-identification requirements of 45 C.F.R. § 164.514(b)(2), and files an un-redacted version under seal, and provides a copy of the un-redacted version to the other Parties.

i. Any Party may use documents containing PHI at trial, an evidentiary or other motion hearing, including but not limited to, introducing them into evidence and asking a witness about their contents. If a Party moves a document containing PHI into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

j. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), any recipient of PHI under this Protective Order must comply with the provisions of the Final Disposition section below with respect to such PHI.

k. If any Party learns that, by inadvertence or otherwise, an unauthorized disclosure of PHI has occurred, the Party must, not later than fourteen (14) calendar days after learning of the disclosure or access: (a) notify in writing relevant Parties; (b) if the Party is the one who made the unauthorized disclosure or access, use its best efforts to retrieve all PHI that was improperly disclosed or mitigate the circumstances that permitted the unauthorized access; (c) inform the person or persons to whom unauthorized disclosures or access were made of all the terms of this Protective Order; and (d) request that such person or persons execute the "Agreement to Be Bound By Protective Order" (Exhibit A) to this Protective Order, with the understanding that an unauthorized recipient's failure or refusal to sign Exhibit A does not alone constitute a violation by the receiving party.

**Use of Protected Material with Artificial Intelligence Platforms**

26. The following provisions govern the use of Protected Material in and with artificial-intelligence platforms.

27. No person subject to this Protective Order may input, upload, submit, or otherwise transfer any Protected Material into any artificial-intelligence platform, including any generative, analytical, or large-language-model-based tool ("AI Platform"), unless the provider of the AI Platform is contractually prohibited from (i) storing or using the inputs to train or improve any model, and (ii) disclosing the inputs to any third party except to the limited extent essential to deliver the requested service, and the provider contractually affords the ability to require deletion of all such inputs. This restriction applies regardless of whether the Protected Material has been anonymized, redacted, or summarized. As a practical matter, this provision prohibits entering Protected Material into the standard consumer or other publicly accessible versions of widely available generative artificial-intelligence services—such as, but not limited to, ChatGPT, Claude, Gemini, and Copilot—that retain user inputs or use them to train or improve their models. This provision does not prohibit the use of enterprise versions of generative artificial-intelligence services that comply with the restrictions in this section.

28. Nothing in this provision restricts any Party from using AI Platforms for any purpose that does not involve inputting another Party's Protected Material, or from using an AI Platform that satisfies the requirements of Paragraph 27. This provision shall not be construed to limit any Party's use of artificial intelligence for legal research, drafting, organization, or other litigation tasks that do not entail the input of Protected Material.

29. To the extent a Party is unsure whether a specific AI Platform satisfies Paragraph 27, the Party agrees that, prior to entering any Protected Material into the AI Platform, it will confer with the Designating Party(ies). If such parties are unable to agree on whether the AI Platform at issue satisfies Paragraph 27, the party opposed to its use may submit an appropriate motion to the Court. Until either the parties come to an agreement or the Court makes a determination, whichever is earlier, no Protected Material may be entered into the AI Platform at issue.

30. Any person who uses Protected Material as an input into an AI Platform in reliance on Paragraph 27 shall retain written documentation of the contractual protections relied upon, and shall, upon request by the Designating Party, identify the AI Platform used and produce that documentation. This paragraph does not require the disclosure of any AI Platform used solely for purposes permitted by Paragraph 28.

31. Nothing in this Protective Order shall be interpreted as requiring a self-represented party to purchase, subscribe to, or maintain any particular software, platform, or technology—including any enterprise AI platform—in order to participate in discovery.

**Legal Process**

32. Any Party who receives a subpoena, court order issued in another litigation, or some other form of legal process or request from any federal or state regulatory or administrative body or agency, legislative body, or self-regulatory organization, seeking the disclosure of any Protected Material must promptly: (a) notify the Designating Party and include with that notice a copy of the subpoena, order, or other form of legal process or request promptly upon receipt and shall allow for a period of at least ten (10) days for the Designating Party to object to any production—except where the subpoena, court order, statute, regulation, or governmental authority requires production sooner or prohibits delay, in which case the Party shall allow for a period of no less than forty-eight (48) hours for the Designating Party to object to any production—before any production of documents is made; and (b) notify the party that caused the subpoena, order, or other form of legal process or request to issue that some or all of the material requested is the subject of this Protective Order. If the party seeking to prevent disclosure seeks a protective order, that party bears the burden and expense of obtaining appropriate relief, and the Party served with the subpoena, order, or other form of legal process or request shall not produce any Protected Material unless and until a court of competent jurisdiction so directs unless the Party has obtained the Designating Party's permission.

**Use of Public Material**

33. Information shall not qualify as Protected Material to the extent it is publicly available through lawful means. A receiving party may continue to use a public version obtained through lawful means, even if an identical copy was produced as Protected Material in discovery.

**Procedures for Disclosing Protected Material**

34. The Parties shall advise any person permitted access under this Protective Order to Protected Material produced by another Party or Non-Party of the claimed confidential nature of said documents and information and provide such person with a copy of this Protective Order. Before disclosure is made to any person required by this Protective Order to sign the acknowledgement attached hereto as Exhibit A, such person must sign Exhibit A and a copy of the executed Exhibit A must be provided to all named Parties, as well as to any Non-Party(ies) whose Protected Material is to be disclosed.

**Unauthorized Disclosure of Protected Material**

35. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" (Exhibit A).

**Protected Material Produced by a Non-Party**

36. A Non-Party's Protected Material may be sought to be produced in this Action. The terms of this Protective Order are applicable to information produced by a Non-Party in this Action

and designated as Protected Material. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**Filing of Protected Material**

37. For any filing containing or making reference to documents or information designated by any Party or Non-Party as Protected Material, the Parties shall follow the Court's policies and procedures for filing under seal as set forth in Administrative Order No. 337. The filing Party shall be responsible for redacting (and conferring on redactions as needed) and/or filing a motion to seal.

**Duration and Final Disposition**

38. Even after conclusion of the instant proceeding, the confidentiality obligations set forth in this Protective Order shall remain in effect until the Parties agree otherwise in writing or a court order otherwise directs. "Conclusion of the instant proceeding" shall occur when (i) all claims and defenses in this Action are dismissed after being resolved by settlement or compromise; or (ii) final judgment is entered herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

39. Within sixty (60) calendar days of the conclusion of the instant proceeding, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, including all copies, summaries, and excerpts thereof. The Receiving Party or its counsel, as applicable, shall certify compliance with this provision in writing by notifying counsel of record for the Designating Party or its counsel, if applicable, within seventy (70) calendar days of the conclusion of the instant proceeding. Notwithstanding this provision, Counsel for any Party is entitled to retain an archival copy of all pleadings, motions, papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and other materials reasonably necessary to preserve a complete

record, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Where a Party has produced an original document rather than a copy, nothing in this Paragraph requires that original to be destroyed, and the Producing Party shall be entitled to the return of that original upon request, in addition to any other relief provided by this Paragraph.

**Inadvertently Produced Privileged Material**

40. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this Action or in any other federal or state proceeding. A Producing Party may assert privilege or protection over produced documents at any reasonable time by notifying the Receiving Party in writing of the assertion of privilege or protection. After being notified, a Party must promptly return (if requested) or destroy the specified information and any copies it has unless the Party intends to file a motion to compel, in which case the Party may sequester the specified information and any associated work product until the claim is resolved. Any such motion to compel should be made by a Receiving Party within twenty-one (21) days after receiving notification of the claimed privileged and/or protected material from the Producing Party. Each Party may use the content of the document(s) at issue solely in briefing or argument submitted in connection with the motion to compel, in which case the Receiving Party agrees not to argue that such use constitutes waiver of the claimed privilege or work product protection. Nothing in this Protective Order shall preclude a Party from arguing that the production of the allegedly inadvertently produced document was not inadvertent or that conduct other than the alleged inadvertent production in this Action constitutes a waiver.

**Enforcement**

41. Any party, including a third party, may seek redress from this Court to enforce the provisions of this Protective Order.

42. Until the conclusion of the instant proceeding, any action by a Party against another Party to enforce the provisions of this Protective Order shall be brought in this same proceeding. Even after the conclusion of this litigation, this Court retains and shall have continuing jurisdiction over the Parties and recipients of Protected Material for enforcement of the provisions of this Order.

**Miscellaneous**

43. This Protective Order does not constitute a waiver of any Party's rights to object to discovery on any grounds. Nor does this Protective Order constitute an admission by any Party that any Protected Material in fact contains trade secrets, confidential business information, and/or information in which a Party has a privacy or proprietary right. Similarly, accepting production subject to a designation does not concede that the designation is valid, that the material is entitled to protection, that it may be sealed, or that it is inadmissible or unusable at trial.

44. The Parties enter into this Protective Order on behalf of themselves and any of their successors and assigns, which shall be bound by its terms.

45. This Protective Order may not be changed or modified except by a written instrument signed by authorized representatives of all of the Parties, with express reference to the provisions being modified, and approved by Court Order. Nothing in this paragraph limits any Party's right to seek modification of this Order from the Court after reasonable notice and an appropriate meet and confer.

46. Nothing in this Protective Order stays, postpones, limits, or conditions any Party's or Non-Party's discovery obligations based on the filing or pendency of a motion to dismiss, motion for judgment, motion for summary judgment, jurisdictional motion, discovery dispute, protective motion, appeal, or any other procedural vehicle, unless the party has filed a motion with the Court requesting a stay or the Court has otherwise ordered a stay.

47. Nothing in this Protective Order, and no action taken in good faith to comply with it, should be construed as a waiver of any right, claim, or argument otherwise available to a Party. Nor should a Party's self-represented status be used by any other Party as a basis to argue diminished rights, standing, or credibility in any proceeding to enforce this Order. Conduct expressly authorized by this Order does not constitute a violation of the Order.

**SO ORDERED.**

October 23, 2026

SIDNEY A. FITZWATER
SENIOR JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GALLIT FISCHMAN,** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **Case No. 3:26-CV-0770-D** |
| **EPIC SYSTEMS CORPORATION,** | § | |
| ***Defendant.*** | § | |

**EXHIBIT A**
**AGREEMENT OF A NON-PARTY TO BE BOUND BY PROTECTIVE ORDER**

I, ____________, acknowledge that I have received a copy of the Protective Order governing the exchange of confidential information in the above-entitled Action. I declare under penalty of perjury that I have carefully read and understand the provisions of the Protective Order governing the non-disclosure of confidential information. I will comply with all provisions of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I hereby agree that I will not use or disclose any such designated materials except as authorized by the Protective Order. I further agree not to use any such designated materials for any purpose other than in connection with the above-entitled Action. I also agree that at the conclusion of the instant proceeding, I will either return any such designated materials to the party or attorney from whom I received them, or upon permission of the producing party, destroy such materials and certify same in writing.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the Court for the purpose of enforcing this Agreement and the underlying Protective Order in the above-entitled Action.

Dated: ____________________

Signed: ________________________________________

Printed Name: ____________________________________