IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GALLIT FISCHMAN, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. |
| EPIC SYSTEMS CORPORATION, | § | 3:26-CV-0770-D |
| Defendant. | § | |

**USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Plaintiff discloses the use of generative artificial intelligence in preparing this filing pursuant to Local Civil Rule 7.2(f).

---

**PLAINTIFF'S MOTION TO MODIFY PROTECTIVE ORDER, REQUEST FOR EXPEDITED CONSIDERATION, AND BRIEF IN SUPPORT**

---

## I. INTRODUCTION

Plaintiff Gallit Fischman, proceeding pro se, respectfully moves under Federal Rules of Civil Procedure 26(c) and 54(b) to modify the artificial intelligence provisions in Paragraphs 26–31 of the Protective Order (ECF No. 58).

In its October 23, 2026 Order (ECF No. 57), the Court overruled Plaintiff's objections for insufficiently explaining how Epic's proposed AI restrictions were overly broad. This motion directly addresses that deficiency by comparing Epic's restrictions with those adopted in *Morgan v. V2X, Inc.*, the authority expressly cited by the Court, and identifying five additional requirements and their practical burdens.

Plaintiff requests that the Court reconsider its ruling based on this specific showing, consolidate the AI restrictions into a single, understandable provision consistent with Paragraph 12 of the amended *Morgan* Protective Order (ECF No. 66), preserve Paragraph 31's protection

against mandatory software purchases, and separately clarify or modify the contractual deletion requirement contained in both orders.

Proceeding without legal training or experience interpreting legal contracts, Plaintiff repeatedly requested clear language and expressed concern about being held responsible for violating provisions she could not fully understand. Those concerns, raised before entry of the contested Order, have now materialized. Plaintiff seeks modification to enable compliance.

## II. ARGUMENT AND AUTHORITIES

### A. Modification Is Appropriate to Address the Specific Deficiency Identified by the Court

Federal Rule of Civil Procedure 54(b) permits revision of an interlocutory order before final judgment, within the Court's broad discretion. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

The Court found that Plaintiff had not "sufficiently explain[ed] how the provisions are overly broad" and described Epic's proposed Protective Order as "nearly identical to what other federal courts have approved," citing *Morgan v. V2X, Inc.*, 2026 WL 864223, at *7. ECF No. 57 at 9 (citing ECF No. 54 at 4).

Plaintiff now addresses both findings by identifying restrictions exceeding those approved in Morgan, explaining their practical burdens, and requesting targeted modifications. Although Epic's Paragraph 27 largely follows Morgan Paragraph 12 (ECF No. 66, App. 14), Epic imposes additional procedural and compliance requirements beyond those safeguards. Plaintiff requests separate consideration of their necessity and scope under Rule 26(c).

### B. The Additional Restrictions in Epic's Protective Order Exceed Those in *Morgan*

The original Morgan Protective Order contained no AI restrictions. Its amended version remained six pages, with thirteen provisions and one AI paragraph. Epic's Order spans 25 pages,

with 47 provisions and six AI-related paragraphs. ECF No. 58, ¶¶ 26–31; Morgan, ECF Nos. 30, 66 (Exhibits A and B, App. 3–8, 10–15).

Both defendants raised substantial confidentiality concerns. V2X identified trade secrets, proprietary business information, contracts, financial records, business strategies, and potentially classified government contract information. *Morgan*, ECF No. 27 at 2–3. Epic identified proprietary software, technical capabilities, development plans, business methodologies, and implementation methods. Senior Vice President Brett Rehm described potential competitive harm. ECF No. 41 at 29–32. This Court found good cause for confidentiality protection under Rule 26(c). ECF No. 57 at 3–4.

Paragraph 12 of the amended Morgan Order (Exhibit B, App. 14) consolidates AI safeguards into one provision prohibiting model training and unauthorized third-party disclosure, requiring contractual deletion rights, written documentation, and third-party confidentiality protections no less restrictive than the order.

Epic imposes five additional requirements:

**1. Anonymized, Redacted, and Summarized Material**

Epic's restrictions apply even after identifying or sensitive information is removed, limiting AI analysis of summaries and redacted documents and creating uncertainty about permissible processing despite confidentiality precautions.

**2. Mandatory Consultation**

Epic requires consultation with opposing counsel when platform compliance is uncertain. Despite repeated requests, Epic has provided neither an accessible, compliant platform nor clear guidance. Consultation without meaningful answers leaves compliance unresolved and imposes an unnecessary procedural burden.

**3. Suspension Pending Resolution**

AI use remains prohibited until agreement or a Court determination. If Epic disputes compliance, Plaintiff cannot use the platform with affected material, potentially delaying or interrupting discovery review.

**4. Platform Identification and Contractual Documentation**

Plaintiff must identify her platform and produce contractual documentation despite being unable to confirm whether her paid subscriptions satisfy Epic's requirements. Production does not resolve that uncertainty and exceeds *Morgan*'s requirement to retain documentation.

**5. Platform-Specific Provisions**

Epic's references to consumer and enterprise AI services create uncertainty about permitted platforms. Plaintiff has found no affordable, accessible service Epic confirms as compliant, leaving her to interpret subscription terms without an identified option.

**6. Combined Burden**

These requirements increase discovery's time, expense, and uncertainty. Plaintiff requests blanket authorization to use any platform Epic confirms as compliant for all litigation-related purposes permitted under the Order, without repeated consultation or approval, provided the safeguards remain effective. The objective is preventing unauthorized disclosure, not imposing continuing procedural barriers after compliance is established.

The Morgan court characterized V2X's proposal as "over-engineered," recognized that enterprise-level requirements could disadvantage self-represented litigants, rejected portions, and adopted one AI provision. Morgan, ECF No. 65 at 14–15 (Exhibit C, App. 30–31).

Although this Court relied on *Morgan* in finding Epic's Order nearly identical to approved protections, its ruling did not separately address the additional restrictions. Good cause for confidentiality does not independently establish the necessity of every added requirement.

Plaintiff's original objections did not adequately explain these difficult contractual and technical requirements. The Court's ruling and citation to *Morgan*, followed by further research and repeated clarification requests, enabled Plaintiff to identify the specific burdens now presented.

Finally, Morgan demonstrates that protective orders may be modified on motion. There, the court partially granted the defendant's request to add AI restrictions. Morgan, ECF No. 65 at 14–16 (Exhibit C, App. 30–32). Plaintiff seeks to remove or simplify unnecessary restrictions while preserving confidentiality and requests comparable consideration of the burdens identified here.

**C. The Scope of AI Restrictions in Relation to *Morgan***

Both Epic and the Court expressly relied upon *Morgan v. V2X, Inc.* to support the AI restrictions in the Protective Order. Epic stated that its proposed AI provision was "modeled directly on Morgan." ECF No. 40 at 9. Although the Court referenced other precedent, *Morgan* was the only decision specifically cited. The Court identified one paragraph in *Morgan* corresponding to one paragraph in the Epic Protective Order but did not address the five additional AI-related paragraphs in the Epic Protective Order. Epic likewise did not provide a separate, particularized justification for each additional paragraph. When both Epic and the Court expressly rely on *Morgan*, that precedent should not be treated as supporting restrictions beyond those it actually adopted.

Although the Court possesses broad discretion under Federal Rule of Civil Procedure 26(c), that discretion remains subject to the requirement of good cause. As the Fifth Circuit explained in *In re Terra International, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), the party seeking protection must make a particular and specific demonstration of necessity rather than rely on generalized assertions. Accordingly, restrictions extending beyond *Morgan* require an independent, particularized justification under Rule 26(c). Plaintiff respectfully seeks clarification of the basis for those additional requirements, which was not separately addressed in the Court's order.

Plaintiff respectfully requests that the Court reconsider whether the five additional AI-related paragraphs are necessary to protect confidential discovery, whether they impose an undue burden on Plaintiff's ability to access and use AI in conducting discovery, and whether the Protective Order can be brought into closer alignment with *Morgan*.

**D. The Contractual Deletion Requirement Requires Separate Clarification or Modification**

Plaintiff's request for conformity with *Morgan* does not withdraw her separate objection to the contractual deletion requirement in both orders.

The ambiguity of Paragraphs 27–30 initially led Plaintiff to interpret the Order as requiring zero data retention, which has proven unavailable to her. Further examination suggests Paragraph 27 instead requires a contractual right to demand deletion of inputs. Plaintiff requests confirmation of this interpretation and clarification of permissible temporary storage and sufficient contractual documentation to avoid compliance disputes.

Paragraphs 27 and 30 require contractual deletion rights and documentation. Despite her efforts, Plaintiff has found no accessible service expressly satisfying these requirements. OpenAI and Anthropic offer enterprise deletion procedures generally allowing 30 days, subject to

exceptions. In *Morgan*, the plaintiff submitted Google Cloud documentation describing deletion taking up to 180 days. *Morgan*, ECF No. 69-1 at 4.

Plaintiff questions the additional protection afforded by deletion after disclosure to an AI provider. Whether retained for one minute, 30 days, or 180 days, deletion cannot reverse that disclosure. Plaintiff requests modification of Paragraph 27 to permit commercially available enterprise AI services under standard confidentiality, model-training, and deletion protections without separately negotiated contractual rights to demand deletion of all inputs.

**E. Alignment of Plaintiff's Two Selected AI Platforms with the Protective Order**

Plaintiff has identified two platforms, OpenAI's ChatGPT Enterprise/Business and Anthropic's Claude Enterprise/Team, whose published confidentiality safeguards substantially align with the Protective Order.

Both providers prohibit commercial customer inputs and outputs from model training by default, subject to exceptions or affirmative consent, and offer contractual data protections, organizational controls, and retention and deletion mechanisms. OpenAI provides encryption in transit and at rest; Anthropic processes commercial customer information under contractual data protection terms.

These safeguards address the Order's objectives of preventing unauthorized training and disclosure while controlling retention. OpenAI generally schedules deleted conversations for permanent deletion within 30 days, subject to exceptions. Anthropic offers Enterprise retention controls and deletion procedures, also subject to exceptions.

Despite reviewing published documentation and seeking clarification, Plaintiff cannot verify whether either provider's standard terms fully satisfy Paragraph 27.

Plaintiff requests permission to use both platforms under their standard commercial confidentiality protections and will defer to Epic's preference if one offers greater protection, provided it is commercially accessible without additional contractual terms Plaintiff cannot reasonably obtain or verify.

**F. Practical Burden and the Protection Against Mandatory Software Purchases**

Paragraph 31 protects self-represented parties from mandatory software purchases, which Plaintiff understands to include purchases beyond her financial means. Yet she cannot confirm that her paid subscriptions satisfy Paragraph 27 and has found no affordable, accessible alternative, undermining Paragraph 31's protection.

Federal Rule of Civil Procedure 26(b)(1) requires proportional discovery, while Rule 26(c)(1) protects against undue burden or expense. Neither expressly limits these principles to production. As AI becomes a document-review tool, restrictions interfering with discovery analysis also warrant consideration. Rule 1 requires the just, speedy, and inexpensive resolution of cases. Plaintiff seeks achievable requirements preserving confidentiality without unnecessary barriers.

Paragraph 45 permits modification following notice and an appropriate meet and confer. Plaintiff requests modification of the relevant portion of ECF No. 57 and clarification or modification of Paragraphs 26–31 of ECF No. 58.

Epic has identified Harvey AI as a platform used by its counsel. However, in November 9, 2026 correspondence, opposing counsel confirmed that neither Epic nor its counsel had a specific AI platform in mind when drafting the Protective Order and that each party bears responsibility for identifying a compliant platform. Harvey is unavailable to Plaintiff as a non-attorney and financially inaccessible. Epic has identified no commercially accessible alternative,

instead proposing review at counsel's office, impractical given Plaintiff's full-time employment. Plaintiff contends that the resulting restrictions impose requirements a self-represented litigant cannot reasonably satisfy.

**III. REQUESTED RELIEF**

Plaintiff respectfully requests that the Court modify Paragraphs 26–31 of the Protective Order (ECF No. 58) to:

1. Consolidate the AI restrictions consistent with *Morgan v. V2X, Inc.*, eliminating unnecessary procedural requirements while preserving confidentiality protections and Paragraph 31.
2. Permit commercially available enterprise AI platforms under standard contractual safeguards and clarify requirements for deletion, retention, third-party disclosure, and compliance documentation.
3. Direct Epic to identify accessible, affordable compliant platforms and authorize their continued use without repeated consultation or approval.
4. Alternatively, remove, narrow, or clarify any challenged restrictions the Court finds unnecessary or unduly burdensome.

Plaintiff requests expedited consideration before November 23, 2026, through a shortened response schedule or prompt conference, without delaying Defendant's discovery-production deadline.

Respectfully submitted,

Date: November 10, 2026

**/s/**____________________________________

GALLIT FISCHMAN, Pro Se
10114 Deermont Trail
Dallas, TX 75243
(214) 893-6720
gallitfischman@yahoo.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Civil Rule 7.1, Plaintiff certifies that she conferred in good faith with Defendant's counsel through correspondence dated November 1–9, 2026, regarding clarification and modification of the Protective Order. The parties were unable to resolve the dispute, and Defendant confirmed its opposition on November 9, 2026.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record through the Court's CM/ECF system, or by other means authorized by the Federal Rules of Civil Procedure, on November 10, 2026.

/s/____________________________________

GALLIT FISCHMAN, Pro Se